THE MAYOR, etc., OF NEW YORK, Respondents, v. THE
HAMILTON FIRE INSURANCE COMPANY, Appellants.

*Insurance—Condition of Policy—Cause of Action—Limitation.*

Where there is a condition in the policy of insurance that no suit or action
shall be maintainable against the company for any losses, etc., unless such suit,
etc., be commenced within six months after such loss, etc., shall have occurred,
   *Held*, that the six months' limitation commenced to run at the time the
Plaintiff could have commenced his action to recover for his loss.
   *Held*, that although the loss occurred on the 15th of Oct., 1858, the action
was reasonably commenced on the 16th day of April, 1859.

THIS was an action to recover upon a policy of insurance. The
most of the questions involved have been decided by this Court in
the suits against the Excelsior and the Corn Exchange Companies.
The only distinguishing point arises upon the tenth section of the
conditions of the policy. That section is in these words: "X.
In case of any loss or damage to the property insured, it shall be
optional with the company to replace the articles lost, . . . and
to rebuild or to repair the building or buildings within a reason-
able time, giving notice of their intention so to do within thirty
days after having received the preliminary proofs of loss required
by the ninth article of these conditions; and it is hereby expressly
agreed that no suit or action of any kind against said company,
for the recovery of any claim upon, under, or by virtue of this
policy, shall be sustainable in any Court of law, unless such suit
or claim shall be commenced within the term of six months after
any loss or damage shall accrue; and in case any such suit or
action shall be commenced against said company after the expira-
tion of six months next after such loss or damage shall have
occurred, the lapse of time shall be taken and deemed as conclu-
sive evidence against the validity of the claim thereby so at-
tempted to be enforced.

"XI. Payment of losses shall be made in sixty days from the

.date of the adjustment of the preliminary proofs of loss by the parties."

"IX. Persons sustaining loss or damage by fire shall forthwith give notice thereof, in writing, to the company, and shall, as soon thereafter as possible, deliver to the company as particular an account of their loss and damage as the nature of the case will admit, signed with their own hands, which account shall set forth the whole cash value," &c, proceeding at great length and in great detail.

The fire occurred on the 5th of October, 1858. The action was commenced April 16, 1859. Preliminary proofs were secured on the 30th of November, 1858. On the 3d of January, 1859, the Defendants objected to the sufficiency of this proof. On the 12th of February, 1859, additional proofs were secured. On the 18th of February further objections were made to the proofs.

The Plaintiffs recovered in the Court below, and the judgment upon such recovery was affirmed by the General Term of the Superior Court of the City of New York. The Defendants now appeal to this Court.

*James Emott* for Appellants.

*T. H. Rodman* for Respondents.

HUNT, Ch.J.—The defence in this case is based upon a non-compliance with the contract of limitations created by the tenth condition of the policy. In Roach *v.* The N. Y. & Erie Ins. Co. (30 N. Y. R. 546), the condition in question was held to be valid. We are bound to hold in the same manner in the present case. In Ames *v.* N. Y. Union Ins. Co. (14 N. Y. R. 253), it was held that this condition might be waived by the acts and declarations of the parties, and that it had been waived by the parties in that case. The condition is extremely stringent.

It is in derogation of the rights of the assured, as given by the Statute of Limitations of the State. It is often not known, or not considered by the assured, and should only be permitted to prevent a recovery when its just and honest application would

produce that result. The same cases hold that this condition should be construed in connection with the other conditions of the policy, and so construe it as to give the fullest possible effect to all.

The eleventh condition provides that "Payment of losses shall be made in sixty days from the date of the adjustment of the preliminary proofs of loss." The counsel for the Appellants insists that the word "adjustment" is inaccurately used in this connection; that it is only appropriate in the settlement of marine losses, and then not by means of the actions of parties themselves. This is not impossible. In the preceding condition, when it is said that "unless such suit or claim shall be commenced within the term of six months after any loss or damage shall accrue," the words "loss or.damage" were not used with legal precision. "Within six months after the right of action shall have accrued" was, no doubt, what the parties intended. That cut off four years and six months of the right to sue, as given by law; and to hold that it extended as much further as the right to sue and objection to preliminary proofs might require, with sixty days added to that, would require of the sufferer very prompt action indeed, to enable him to receive any benefit from his policy.

But the condition gives the company sixty days from the date of the "adjustment of the preliminary proofs of loss by the parties," before the loss is payable. We all take this language as it stands. To "adjust," in its fair meaning, is to settle or bring to a satisfactory state, so that parties are agreed in the result (Webster); and that this is a fair reading in the present case, is evident from the use of the words, "by the parties," at the close of the condition. The preliminary proofs are to be adjusted by the parties. The parties are to act upon them by negotiation—by statements on the one side, demands for correction or addition on the other, and compliance with such requests until the parties agree. If they do not agree it can hardly be termed an adjustment by the parties, although the law may itself determine the sufficiency of such proofs. In the present case the parties had not adjusted the proofs so recently as the 12th of February, 1859,

. when additional proofs were secured, and possibly not as late as the 18th of that month, when the Defendants made still further demand of proofs. I infer that the Plaintiffs relied upon these last proofs as sufficient, and refused to go further, as the case contains no evidence of any further action in that respect. If, however, we fix the time when the preliminary proofs are complete, as on the 12th of February, 1859, the Defendants were under no obligation to pay, and no suit could successfully be commenced against them until sixty days from that date. This is the period, in my judgment, at which the claim becomes perfected against the company. The company is then entitled to a credit of sixty days before it is compellable to pay the debt; at the end of the sixty days the period of six months commences to run. This I understand to be the necessary result of the reasoning of Judge Wright in Ames *v.* The Union Ins. Co. (supra, at pp. 264, 265); at this time, and not before, the Plaintiffs could have commenced their action. The object was to compel an early litigation, within six months after the right to sue attached. The suit was commenced on the 16th of April, 1859, which, in my view of the case, was within four days of the time in which it would have been justified in instituting the proceeding.

The preliminary proofs were first secured on the 30th of November. No objection appears to have been made that they were not secured in time. If the six months were counted from that date—a rule much too favorable to the Defendants—the suit would still have been commenced in time.

Judgment should be affirmed, with costs.

Affirmed.

JOEL TIFFANY,
State Reporter.