## RILEY *v.* WELLES.

**APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF IOWA.**

No. 397. Submitted February 14, 1870. — Decided March 7, 1870.

*Wolcott* v. *Des Moines Co.*, 5 Wall. 681, followed.

THE case is stated in the opinion.

MR. JUSTICE NELSON delivered the opinion of the court.

This is an appeal from the Circuit Court of the United States for the District of Iowa.

This case is not distinguishable from that of *Wolcott* v. *The Des Moines Company*, 5 Wall. 681.

Welles, the plaintiff below, derives his title by deed from this company, the same as Wolcott in the former case. The suit in that case was brought to recover back the consideration money from the Des Moines Company, the grantors, on the ground of failure of title. The court held that Wolcott received a good title to the lot in question under his deed.

In that case it was insisted that the title was not in the Des Moines Company, but in the Dubuque and Pacific Railroad Company.

In the present case the defendant claims title under, and in pursuance of, the preëmption act of September 4, 1841.

Her husband took possession of the lot in 1855, and she was permitted by the register to prove up her possession and occupation, May, 1862. The patent was issued October 15, 1863.

It will appear from the case of *Wolcott* v. *The Des Moines Company* that the tract of land, of which the lot in question was a part, had been withdrawn from sale and entry on account of a difference of opinion among the officers of the land department as to the extent of the original grant by Congress of lands in aid of the improvement of the Des Moines River, from the year 1846 down to the resolution of Congress of March 2, 1861, and the act of July 12, 1862, which acts we held confirmed the title in the Des Moines Company. As the husband of the plaintiff entered upon the lot in 1855 without right, and the possession was continued without right, the permission of the register to prove up the possession and

improvements, and to make the entry under the preëmption laws, were acts in violation of law, and void,. as was also the issuing of the patent.

The reasons for this withdrawal of the lands from public sale or private entry are stated at large in the opinion in the case of *Wolcott* v. *The Des Moines Company,* and need not be repeated. The point of reservation was very material in that case, and we have seen nothing in the present one, either in the facts or in the argument, to distinguish it.                    *The decree below affirmed.*

*Mr. Thomas F. Withrow, Mr. Galusha Parsons,* and *Mr. William H. Kelsey* for appellant.

*Mr. Edwin C. Litchfield* for appellee.