MARY H. MIX, RESPONDENT, v. THE ANDES INSURANCE COMPANY OF CINCINNATI, OHIO, APPELLANT.

*Removal of cause to United States courts — act of March 2, 1867 — affidavit required — corporation cannot make — Policy of insurance — limitation of time of bringing action on — when action accrues — Insurable interest — mortgage from husband to wife.*

An application to remove a cause into the United States court, under the act of 1867, on the ground of prejudice and local interest, cannot be made by a corporation aggregate, for the reason that in such case no affidavit can be made "by the defendant" as required by the said act, an affidavit by the president of the defendant not being a sufficient compliance therewith.

*Cooke* v. *The State National Bank of Boston* (52 N. Y., 96) followed.

Where one clause of a policy of insurance provided that no action should be sustainable thereon in any court, unless it was commenced within the term of twelve months next after any loss or damage should have occurred, and another clause provided that the loss should not be deemed payable until proofs and declarations and certificates were produced and examination submitted to if required, and that payment of losses should be made sixty days after the loss had been ascertained and proved, *held*, that the twelve months within which the action must be brought, did not commence to run until the expiration of sixty days after the loss had been ascertained and proved.

A bond and mortgage executed by a husband to his wife for a just and valuable consideration, may be enforced in equity, and the wife acquires an equitable interest in the property covered thereby, and may insure the same.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*J. Welling*, for the appellant.

*J. Vandenberg*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment for the plaintiff at the Wayne County Circuit, after a trial by the court without a jury.

The action was upon a policy of insurance against fire; and the objections to the plaintiff's recovery are : First, that the action was removed, before trial, to the Circuit Court of the United States, and that, consequently, the Supreme Court of the State of New York had been, by such removal, divested of all power to proceed in the suit. Second, that the suit was not commenced within the twelve months limited by the condition in the policy, numbered seventeen, for the commencement of an action on the policy. Third, that the plaintiff had not an insurable interest to the full amount of the judgment.

As to the first objection, it appears that the defendant is a corporation aggregate, created by the laws of Ohio, and located at Cincinnati. It was shown upon the trial that a petition was filed on the 3d of February, 1874, praying for the removal of the cause into the Circuit Court of the United States for the northern district of New York, upon the ground that the defendant believes, that from prejudice and local influence, it will not be able to obtain justice.

The proceedings for the removal of the cause into the United States court were intended to be taken under and in pursuance of the act of Congress approved March 2, 1867, entitled "An act to amend an act for the removal of causes, in certain cases, from State courts." No objection is made to the regularity of proceedings for the removal of the cause, except that the affidavit is made by the president of the defendant, whereas the act of Congress requires that the affidavit, to verify the facts alleged in the petition, should be made by the defendant. On the petition, affidavit, and other proceedings for the removal of the cause, a motion was made

at the Monroe Special Term of this court, on the 24th of February, 1874. The application was made to remove the cause, and the motion was denied upon the authority of the decision in *Cooke* v. *The State National Bank of Boston* (52 N. Y., 96).

The order of the Special Term denying the application to remove the cause, has never been appealed from, and probably, for that reason, must stand as the law of this case in this court. But, however that may be, this court must be bound by the rule adopted in *Cooke* v. *The State National Bank of Boston*, before cited, until the doctrine of that case shall be reversed by the Supreme Court of the United States. In that case as we understand it, the Court of Appeals, with some hesitation and difference of opinion, came to the conclusion to hold that the act of Congress, under which the removal of this cause was sought to be effected, could have no application to cases in which the party seeking the removal was a corporation aggregate, because, in such a case, no affidavit could be made "by the defendant," as required by the act. This ruling we must follow so long as it stands unreversed.

The condition of the policy on which the defendant relies for a defense in the action is as follows : " No. 17. It is, furthermore, hereby expressly provided, that no suit or action against said company for the recovery of any claim upon, under, or by virtue of the policy, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of twelve months next after any loss or damage shall occur ; and in case any such suit or action shall be commenced against said company after the expiration of twelve months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced."

The Court of Appeals has expressly decided in several cases, that such a condition in a policy of insurance is valid and binding, and that an action must fail unless commenced within the time limited. (*Ripley* v. *The Ætna Ins. Co.*, 30 N. Y., 136 ; *Roach* v. *The N. Y. and Erie Ins. Co.*, 30 id., 546.) But the same court has also held that according to the true and just interpretation of such a condition, the time therein specified within which an action must be commenced does not begin to run until the cause of action shall

have accrued. (*The Mayor of New York* v. *The Hamilton Ins. Co.*, 39 N. Y., 45.) In the case cited, the condition was like the one in the policy under consideration, limiting the time for the commencement of the action to a certain period after the loss or damage shall occur. But it was also provided that payment of losses should be made by the company within sixty days from the adjustment of the preliminary proofs of loss by the parties. In the case at bar the policy provides as follows: No. 11. "Until proofs, declarations and certificates are produced, and examination submitted to, if required, the loss shall not be deemed payable." No. 12. "Payment of losses shall be made sixty days after the loss has been ascertained and proved." According to the decision in the case last cited, the cause of action did not accrue on the policy in question, until sixty days after the preliminary proofs of loss had been served upon the defendant. The fire by which the insured property was destroyed occurred on the 7th day of July, in the year 1872. But the proofs of loss were not delivered to the defendant until the 24th day of August, 1872, at which date the loss upon the policy was settled and agreed upon by the defendant at the sum of $4,571.43. Consequently, according to the just interpretation of the condition, by which the time for commencing an action on the policy was limited to twelve months, that time did not commence to run until sixty days after the said 24th day of August, in the year 1872. The suit was actually commenced by service of the summons and complaint, upon the duly appointed agent of the defendant, appointed to receive service of process in the State of New York according to the laws thereof, on the 11th day of September in the year 1873, and within twelve months from the time within which the cause of action accrued. (See, also, *Ames* v. *The N. Y. Union Ins. Co.*, 14 N. Y., 253.) On the face of the policy the loss, if any, was made payable "to Mary H. Mix, mortgagee, as her interest shall appear." The policy of insurance was made to William A. Mix. At the time of the issuing of the policy Mary A. Mix, the plaintiff, was the wife of William A. Mix. She was the holder of two bonds secured by mortgages on the insured property, executed to her by the said William A. Mix. One was made before the intermarriage between the plaintiff and William A. Mix, and the other subsequent to that event, and whilst the

plaintiff was the wife of said William A. Mix. The amount due on both the mortgages and remaining unpaid at the time of the fire was greater than the amount at which the whole loss was adjusted, and the same remained wholly unpaid at the time of the trial. The defendant objected to the validity of the mortgage, which was executed by William A. Mix to the plaintiff while she was his wife. This raised only the question of the amount of the insurable interest of the plaintiff, and we think the judge at Circuit correctly decided that her insurable interest equaled the amount due on both mortgages. Though the mortgage executed after coverture may have been wholly void at law, still it would have been sustained in equity in a proper case, as founded on a good and valuable consideration. The bond and mortgage purported to be founded on a valuable consideration, and it was admitted in the case that the whole amount was due thereon. Therefore, it presented a case where presumptively the lien of the wife could have been maintained in equity, and an interest merely equitable is an insurable interest. If the views hereinbefore expressed as to the time when the twelve months of limitation under the seventeenth condition began to run are correct, then the evidence showing that the summons and complaint were put into the hands of the sheriff for service on the 5th day of September, 1873, was wholly immaterial and could work no injury to the defendant.

The judgment is affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.