FRANCIS E. COOPER, RESPONDENT, *v.* THE UNITED STATES MUTUAL ACCIDENT ASSOCIATION OF THE CITY OF NEW YORK, APPELLANT.

*Accidental life insurance policy — limitation of time to bring suit thereunder — from what time it runs.*

A policy of accidental life insurance provided as follows:

"Any claim under this certificate shall, if the association require it, be referred to arbitration, the expense of such arbitration to be borne equally between the association and the claimant, and no suit or proceedings at law or in equity shall be brought or arbitration required to recover any sum under this insurance unless the same is commenced within one year from the time of the alleged accidental injury."

The person insured received an accidental injury on December 10, 1887, which resulted in his death on January 2, 1888.

In an action brought by the beneficiary named in the policy on December 29, 1888, it was claimed by the company that the action was barred by the limitation of one year contained in the certificate of insurance.

*Held*, that the limitation of one year mentioned in the certificate began to run at the time when the proofs were accepted and the claim was in a condition to be sued upon.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Orange on the 3d day of February, 1890, in favor of the plaintiff for the sum of $5,922.28; and also from an order, entered in said action on the same day, denying the defendant's motion for a new trial.

The action was brought to trial at the Orange County Circuit before the court and jury, by which latter a verdict was rendered in favor of the plaintiff.

The complaint alleged that a certificate of membership was issued by the defendant to Theodore II. Cooper, by the terms of which he was insured against personal bodily injuries effected during the continuance of his membership in the defendant.

That the plaintiff was the beneficiary named in said policy in case of the death of the insured, and that Theodore H. Cooper received bodily injury on the 10th of December, 1887, and died on the 2d day of January, 1888, in consequence thereof, by reason of which fact the plaintiff became entitled to recover the sum of $5,000 under the certificate of membership. The certificate provided, among other things, as follows:

(6.) Or if death shall result from such injuries alone, and within ninety days, the association will pay $5,000 to Frances E. Cooper (his wife), or to the survivor of them, or in the event of her prior death, according to the by-laws.

\*    \*    \*    \*    \*    \*    \*

(3.) Immediate notice of any accidental injury or death, for which claim may be made under this certificate, shall be given in writing, addressed to the secretary of the association at New York, stating the full name, occupation and address of the member, with full particulars of the accident and injury, and failure to give such immediate written notice shall invalidate all claims under this insurance; and unless affirmative and positive proof of death, or injury and duration of disability, and that the same resulted from bodily injuries covered by this insurance, shall be furnished to the association within six months of the happening of such accident, then all claims based thereon shall be forfeited to the association. All claims under this certificate shall be subject to proof of insurable interest, and shall be payable within ninety days after satisfactory proof.

(4.) Any claim under this certificate shall, if the association

require it, be referred to arbitration, the expense of such arbitration to be borne equally between the association and the claimant, and no suit or proceedings at law or in equity shall be brought, or arbitration required, to. recover any sum under this insurance, unless the same is commenced within one year from the time of the alleged accidental injury.

    \*      \*      \*      \*      \*      \*      \*

(10.) The provisions and conditions aforesaid, and a strict compliance therewith during the continuance of this certificate and insurance, are conditions precedent to the issuing of this certificate and to its validity, and no waiver shall be claimed by reason of the act or acts of any agent; unless such act or waiver shall be specially authorized in writing over the signature of the secretary of this association.

The action was commenced on the 29th of December, 1888, and it was claimed on behalf of the defendant that it was barred by the limitation contained in the certificate, because not commenced within one year from the time of the injury.

*William Bro. Smith,* for the appellant.

*Lewis E. Carr,* for the respondent.

PRATT, J. :

The only point urged against the recovery is that the action was not begun within one year from the time the injury was inflicted that caused the death. The policy requires the action to be begun within " one year from the time of the alleged accidental injury." Defendant claims that the time began to run on December tenth, when the accident happened.

Plaintiff argues that the time had not begun to run on January second, when death ensued, nor until the proofs were completed and right of action complete. The action was begun December twenty-ninth, less than a year after the death, but more than a year after the accident. In answer to the contention of defendant the plaintiff points out that if it be acceded to, cases might well arise where, the death not occurring for nearly ninety days after the accident, and ninety days additional being allowed defendant after

the proofs were made satisfactory to it before an action could be maintained, it would be easy for defendant, by raising objections to the proofs, to entirely deprive plaintiff from having any time within which an action could be brought.

The clause upon which the defense depends is confused and its meaning is perhaps uncertain. But the court will seek to find a meaning that will be reasonable and adequately protect the rights of both parties.

However it may have been with defendant, it is quite evident the insured could not have understood his rights to depend absolutely upon the good will of the defendant. He must have so interpreted the contract as to allow a reasonable time in which suit could be brought after the right of action was complete.

In similar cases the courts have made rulings which authorize us to hold the time of the alleged injury " to mean when the proofs are accepted and the claim is in condition to be sued." (*Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y., 253 ; *Mayor* v. *Hamilton Ins. Co.*, 39 id., 45 ; *Hay* v. *Star Fire Ins. Co.*, 77 id., 235 ; *Steen* v. *Niagara Fire Ins. Co.*, 89 id., 315, 323.) This is in accordance with the familiar rule that where language is ambiguous it will be construed so as to avoid a forfeiture. (*Post* v. *Weil*, 115 N. Y., 371, 375 ; *Jacobs* v. *Spalding*, 71 Wis., 190.) So where a party to a contract seeks to destroy its obligation by reason of the breach of a condition, the terms of the contract must be clear and explicit in his favor. (*Clinton* v. *Hope Ins. Co.*, 45 N. Y., 464 ; *Morse* v. *Buffalo F. and M. Ins. Co.*, 30 Wis., 540.) We think the authorities require us to hold that the plaintiff had twelve months to bring the suit after the right of action was complete.

It follows that the judgment must be affirmed, with costs.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.