NORA E. REESER et al. v. THE HOME FIRE INSURANCE CO.

Eastern Section.   December 18, 1926.

Petition for Certiorari denied by Supreme Court, May 7, 1927.

1. **Insurance.  Pleading.  Bill to recover on fire insurance policy held good upon demurrer.**

Where the insurance policy filed with the bill and made a part thereof showed that under the policy there might arise conditions wherein suit under the terms of the policy could not be brought within one year although another provision of the policy provided that no suit should be brought after a period of one year, held that the petition was good upon demurrer.

2. **Insurance.  Limitation upon time for bringing suit held not to apply.**

Where a fire insurance policy provided that no suit should be instituted after one year after the fire and also provided for the appointment of arbitrators and that no action should be brought under the policy until after sixty days after their report, and the policy thereby made it possible to have a situation where arbitrators might not report for more than one year after the fire, held that the limitation on the right to bring suit must be construed as to become effective from the time the right of action accrued, notwithstanding the expression "after the fire."

Appeal from Equity Court, Washington County; Hon. Jos. A. Caldwell, Special Chancellor.

Affirmed and remanded.

S. W. Price, of Johnson City, for appellant.

Cox & Taylor, of Johnson City, for appellee.

SNODGRASS, J.   The bill was filed in this cause to collect, with a twenty-five per cent penalty, a policy of insurance for $2500 on a certain two story, shingle roof, frame house, including foundations, plumbing, electric wiring and stationary heating, lighting and ventilating fixtures and apparatus therein, awnings, door and window screens, etc., located in Lenoir City, Tenn., and belonging to the complainants.

The policy expired at noon on February 17, 1923. On the morning of the same day and during the life of the policy the house

burned and the loss was sustained, which the bill averred to be
in a sum greater than the amount named in the policy. The bill
was filed on October 3, 1925, more than two years after the fire.
There was a demurrer interposed to the bill, which made the single
question that the bill showed on its face that the fire which is
alleged to have destroyed the property took place at 4:30 o'clock
on the 17th of February, 1923, and that the suit was not instituted
until October 3, 1925, making it more than one year from the date
of the alleged fire until the institution of the suit; that the contract
or policy of insurance covering the property alleged to have been
destroyed by said fire, and which is filed as "Exhibit A" to the
bill, shows upon its face that no suit or action on this policy for the
recovery of any claim shall be sustained in any court of law or
equity until after full complinace by the insured with all the fore-
going requirements, nor unless commenced within twelve months
next after the fire; that complainants having failed to institute suit
within one year after the occurrence of the alleged fire, are now
barred from any recovery under the expressed terms of the con-
tract or policy covering the property which is alleged to have been
destroyed.

On the 23rd of July, 1926 this demurrer was overruled by the
court, with leave to rely upon same in the answer, which by the
order was required to be filed within thirty days. To which action
of the court the defendant excepted, and afterwards, on the 26th
day of July, the defendant was again allowed to except to the order
entered on the 23rd day of July, 1926, wherein its demurrer was
overruled, and to pray an appeal to this court, which the court was
pleased to allow and to grant the appeal upon defendant giving
a sufficient appeal bond within thirty days from date; the court
being of opinion, by reason of the questions raised in the demurrer,
that it was a proper case for an appeal. Bond was given and
the appeal perfected, and the Insurance Company makes the fol-
lowing assignments of error:

"I. The learned court erred in overruling plaintiff in error's
demurrer, and in holding that the allegations of the bill, charging
that the delay in the bringing of the suit had been due to nego-
tiations and representations made by the defendants in error,
which it is alleged were fraudulently made, and made for the pur-
pose of hindering and delaying defendants in error, estopped plain-
tiff in error from relying upon that stipulation in the policy, which
provides that no suit under said policy shall be sustainable in any
court of law or equity unless commenced within twelve months
next after the fire.

"The court should have sustained the demurrer, and dismissed
the bill, because said bill shows upon its face that the suit was

not instituted until more than two years and seven months next after the fire, and that the bill does not show the nature of the alleged representations and negotiations made by the plaintiff in error, and does not detail, specify or set up any fact disclosing in what manner said representations and negotiations were fraudulent, but states only a conclusion of law, which is insufficient, and for this reason defendant was not estopped as a matter of law from relying upon the contractual limitation in the policy as a bar to the suit.''

''II. The learned Chancellor erred in holding that under the allegations of the bill, wherein it is claimed by the defendants in error that the plaintiff in error delayed payment upon one pretext and another, and with a fraudulent purpose, estopped plaintiff in error from availing itself of the contractual limitation of one year, which contractual limitation is set out in Exhibit ''A'' to the bill.

''The court should have held that the defendants in error could not rely upon said alleged representations and negotiations as working an estoppel against the plaintiff in error, without specially pleading estoppel, and relying upon said estoppel, (specially pleaded) as a bar against plaintiff in error availing itself of said contractual limitation.''

''III. The court erred in overruling the demurrer, giving as a reason therefor, that the allegations in the bill charging that the delay in instituting suit was due to negotiations and representations made by the plaintiff in error, and that these representations were fraudulently made for the purpose of hindering and delaying defendants in error in instituting suit.

''The learned court should have held that defendants in error's failure to allege that the representations and negotiations were made by plaintiff in error for the purpose of delay and for the purpose of securing the benefit of the contractual limitation as set out in Exhibit 'A' of the bill, barred them from relying upon said alleged representations as an estoppel on the part of plaintiff in error from availing itself of said contractual limitation.''

''IV. The court erred in not sustaining the demurrer, dismissing the bill and in taxing plaintiffs in error with all of the costs of the cause.''

The policy does provide that no suit or action for the recovery of any claims shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements, (meaning the requirements that were recited in the policy) nor unless commenced within twelve months next after the

fire, and providing also that the company shall not be held to have waived any provision or conditions, or any forfeiture by any requirement, act or proceeding on its part relating to the appraisal or to any examination provided for. But the policy also provides that the loss shall not become payable until sixty days after the notice, ascertained estimate and satisfactory proof of the loss therein required have been received by the company, including an award by appraisers when appraisal has been required.

With reference to such appraisement, it is provided that the company shall not be liable except for actual loss, the loss or damage to be estimated according to actual cash value, with proper deduction for depreciation however caused, and further, that the loss shall in no case exceed what* it would then cost to repair or rebuild, etc. The right to make such repairs or replacement was reserved to the company upon notice. It was provided that said ascertainment or estimate shall be made by the insured and the company, or if they differ, then by appraisers as hereinafter provided, and the amount of loss or damage having thus determined the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertained estimate and satisfactory proof of the loss have been received by the company in accordance with the terms of the policy. It was also provided that in the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers shall together then estimate the loss, stating separately sound value and damage, and failing to agree, shall submit their difference to the umpire, and the award in writing of any two shall determine the amount of such loss. The parties thereto shall pay the appraisers respectively selected by them, and shall bear equally the expense of the appraisal and umpire.

The bill filed the policy containing the foregoing provisions among others as exhibit, and charged that immediately following the fire complainants gave notice in writing to the defendants of the aforesaid loss covered by the policy, giving all the facts and circumstances in connection therewith at the time known to the complainants; that the defendant sent its adjuster, who it was alleged went over the ground and examined and inspected the salvage; that the adjuster negotiated with complainants and their agents about settlement, but went away without reaching any agreement with complainants; that complainants furnished sworn proof of loss in June, 1923, and that complainants have complied with all the terms and conditions of their contract and policy of insurance, and

have done everything in their power to adjust the loss with defendant upon a fair and equitable basis, but that defendant had put them off from time to time and delayed settlement upon one pretext or another, until complainants had lost all patience with and faith in its managing agents, and have become satisfied that the different steps taken by the defendant have been fraudulent, and with the intent and purpose to hinder and delay complainants in the assertion of their claim and in the collection of what is justly due them in this cause; and that said failure of the defendant to settle and pay this loss under said policy is without just cause or reasonable excuse, and that said defendant is not acting in good faith in regard to the matter; for which reasons, it is alleged, complainants are entitled, in addition to the loss and damage sustained, to the statutory penalty of twenty-five per cent damages and attorneys fees, for its willful and fraudulent failure and refusal to settle the claim.

The only question which the demurrer that was filed made was, that it appeared that the policy required the suit to have been brought within twelve months after the fire, which was not done, and that therefore the suit was without status. The Chancellor overruled the demurrer, holding in effect that the bill did not show on its face that the suit was barred by the provisions referred to, but as stated allowed the defendant to appeal, and the action of the Chancellor in overruling the demurrer is now assigned as the principal error, it being insisted that the demurrer should have been sustained and the bill dismissed.

It was insisted that the allegations of fraud, being conclusions of law, were not confessed by the demurrer, and were not required to be answered. We agree with the conclusions of the Chancellor in overruling the demurrer. While the charges were meagre, yet taken in connection with the provisions of the policy itself, which became a part of the bill as an exhibit, they become something more than mere conclusions of law we think. It is to be observed that there were other provisions, which being made applicable would not make the period of one year date from the fire, but that the policy contemplated a situation in which the results of arbitration might prolong this period beyond to an indefinite time, in which exigency sixty days would have to elapse after the results of arbitration were made known before any sum agreed upon by the arbitrators should be deemed payable, in which interval of course no suit could be maintained, and therefore none need be brought.

By the terms of the policy a disagreement as to the amount of the loss would bring into operation that provision of the policy respecting arbitration, and there is no limitation as to the time

that may be applied for by either party, or with respect to the time in which it might be executed. The policy sets out every condition, and the allegation of the bill is that complainants have complied with every condition; that the defendant sent its adjuster, who viewed the situation and the salvage, and then negotiated about a settlement, and went away without reaching any agreement with complainants. We think it is thus at least inferentially stated that there was a disagreement as to the amount that should be paid, developing a situation bringing into operation the arbitration clause, and thus construed the allegation that all the steps taken were fraudulent and designed to hinder and delay the assertion of the claim was not merely a conclusion of law, and the arbitration clause being put thus into operation the contract limitation would not begin to run, as right of action would not accrue until sixty days after the arbitrators should file their award. The right to suit being suspended at least during such acquiescence in the delayed arbitration, which apparently continued up to the filing of the bill, and that such limitation clause has not yet begun to run. We think that if the case was subject to any defense in that line, it was as to its prematurity. The demurrer, however, does not make this question, but is limited to the question that the contract limitation has expired. As authority for this conclusion we cite the case of Insurance Co. v. Scales, 101 Tenn., 641-2, where it is said:

"It appears that this contract limitation was not set up by plea, and this we think is fatal to it as a defense. Such contract limitation, like the statute of limitations, must be pleaded if intended to be relied on. Ketchum v. Protection Ins. Co., 1 Allen (N. B.), 136; Barbour v. Fire & M. Ins. Co., 18 W. Va., 658; Bacon Ben. Societies Sec. 447. We do not mean to say it may not be raised by demurrer when the policy is made an exhibit and the terms of the contractual limitation appear. But, in addition to this, the limitation in this case is not a bar to the suit. The limitation of 'so many days after the fire' has been construed in a number of cases to mean so many days 'after the cause of action accrues.' Under the provisions of these policies no suit could be brought until after arbitration and award, and until the failure of such arbitration no cause of action accrued, nor could action be brought under the policies until after sixty days. It might be that such arbitration might pend for the entire limited time, and under a different construction no action could be brought at all. The limitation begins to be effective from the time the right of action accrues, notwithstanding the expression 'after the fire.' Case v. Ins. Co., 83 Colo., 473; Finzen v. Ins. Co., 30 Fed. Rep., 352 (27 Pacific Rep., 80); Owen v. Howard Ins. Co.,

10 S. W. Rep., 117; Sample v. London Ins. Co., 24 S. E. Rep.,. 334; Vett v. Clinton Fire Ins. Co., 30 Fed. Rep., 668; Steen v. Niagara Ins. Co., 80 N. Y., 315; New York v. Hamilton Fire Ins. Co., 39 N. Y., 45; Chandlee v. St. Paul Ins. Co., 21 Minn., 85; Span v. Mutual Ins. Co., 17 Fed. Rep., 568; Hay v. Star, Fire Ins. Co., 77 N. Y., 235; May on Insurance, sec. 479. In Steel v. Ins. Co., 154 U. S., 578, it was held that 'after the fire' and 'after the loss' were the same thing, and that the limitation of twelve months after the fire must be construed to mean twelve months after the limitation of the sixty days in which payment might be deferred under the terms of the policy and when suit could be brought.''

It is true it appears in the case just cited that there was an agreement to arbitrate after the fire, which was only partially executed, and no award was ever made. But we think that the disagreement referred to in the bill effected under the terms of the policy an agreement to arbitrate and, no award having been made, the limitation is 'suspended, and was so suspended at the filing of the bill.

It results, therefore, that the assignments of error are all over-ruled, and the decree of the Chancellor 'overruling the demurrer is affirmed. The cause will be remanded for further proceedings, and plaintiff in error and its security on the appeal bond will pay the costs of this appeal.

Portrum and Thompson, JJ., concur.