GLASS v. WALKER,. *Assignee of the State Insurance Company, Plaintiff in Error.*

**Policy of Insurance**: LIMITATION AS TO TIME OF BRINGING SUIT. The charter of an insurance company required all suits to be brought on policies issued by the company within twelve months from the date of loss. A policy issued to the plaintiff contained a stipulation that it was made and accepted subject to the charter, and also provided that no suit or action for the recovery of any claim by virtue of the policy should be sustained in any court, unless commenced within twelve months after the loss should occur, and should any suit or action be commenced after the expiration of twelve months, the lapse of time should be taken and deemed as conclusive evidence against the validity of the claim, any statute of limitation to contrary notwithstanding. Plaintiff brought suit on the policy more than twelve months after a loss had occurred; *Held,* that the above stipulation was operative and binding, and precluded the plaintiff from maintaining his suit.

*Error to Probate and Common Pleas Court of Newton County* HON. P. H. EDWARDS, Judge.

*P. T. Simmons* for plaintiff in error.

Suit was not commenced within twelve months next after the loss occurred, as required by the policy and the charter, Sess. acts. 1872, p. 238 § 13; Wag. Stat., Vol. 2 § 1, p. 1006; *Keim v. Home Mut. Fire and Marine Ins. Co.,* 42 Mo. 38; Angell on Fire and Life Ins., par. 14.

*C. W. Thrasher,* for defendant in error.

If the limitation of twelve months for bringing suit contained in the charter of the company, would, under any circumstances, have any effect, it was waived by the action of the company in the case, and the assured was remitted to his rights under the general law of limitation. Monk's Vansantvoord's Pl., (3rd ed.,) 677; *Nute v. Hamilton Ins. Co.,* 6 Gray 174, 179; *Amesbury v. Bowditch Mut. Fire Ins. Co.,* 6 Gray 596; *Hall v. Peoples Mut. Fire Ins. Co.,* 6 Gray

185, 192. In this case the company made no determination regarding the loss.

NORTON, J.—This suit was instituted in the probate and common pleas court of Newton county, for the recovery of the value of a stock of drugs and medicines, which had been insured by the defendant, and which had been destroyed by fire. The petition is in the usual form, and alleges the total destruction by fire of the property insured, and asks judgment for $1,500—the full amount insured by the policy.

The answer of defendant admits the contract of insurance; alleges misrepresentation in reference to the value of the goods in plaintiff's application for a policy; that plaintiff willfully procured the burning of the insured property; that the probate and common pleas court of Newton county had no jurisdiction of the cause; and that the suit, not having been brought within twelve months after the loss occurred, was not, under the contract of insurance, maintainable. The answer denies the total destruction of the property, and also denies that plaintiff performed the conditions contained in the policy of insurance. The replication of plaintiff puts in issue, the new matter set up in the answer. Upon a trial the plaintiff recovered judgment from which defendant, after his motions for new trial and arrest of judgment were overruled, has appealed to this court.

It was shown by the evidence that the defendant, on the 3rd day of July, 1872, issued its policy of insurance to plaintiff against loss by fire, to the amount of $1,500 on a stock of drugs and medicines, in Granby City, Newton county, for the term of one year, for which plaintiff paid defendant a premium of $37.50. Among other conditions, said policy contained the following: "In case of loss, the assured shall forthwith give notice to the secretary of the company, and within thirty days after such loss, deliver, at the office of the company in Hannibal, in person, by agent,

mail or express, a particular account of said loss, signed and sworn to by him, naming each article, and the cash value thereof, &c.; and shall also produce a certificate, under the hand and seal of a magistrate, notary public, or clerk of a court of record, nearest to the place of the fire, stating that he has examined into the circumstances of the loss; knows the character of the assured, and believes that the assured has, without fraud, sustained a certain amount of loss. It further provides that the assured shall, if required, submit to an examination, under oath, by any officer of the company or any person appointed by it; and that no suit or action for the recovery of any claim by virtue of this policy shall be sustained in any court of law or chancery, unless it shall be brought within twelve months next after the loss shall occur; and should any suit be commenced after the expiration of twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim, any statute to the contrary notwithstanding." It is also stipulated that "this policy is made and accepted upon the above express conditions, and the charter and by-laws of this company, are to be resorted to and used to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for."

The evidence showed that nearly all the property insured was consumed by fire on the 14th day of November, 1872; that immediately after the loss the insured sent a dispatch to the secretary of defendant, which was received, and the next day after the loss informed the company by letter thereof; that soon thereafter, the defendant sent to Granby City, L. Coons, as an agent, to adjust the loss; that said agent made up the statements and papers to be signed by plaintiff, and examined the plaintiff, under oath, fully as to the facts and circumstances of the loss, reducing the same to writing, which was sworn to and subscribed by plaintiff; that Coons informed the insured that if anything more was required of him he would notify him

thereof; that afterward, one Judson, the local agent of the company, gave plaintiff notice to furnish him copies of invoices which had been burned, which was done as far as was practicable; that the petition was filed on the 6th day of December, 1873, and summons issued thereon in February, 1874. The charter, as amended, and which was by the terms of the policy, a part of it, contained the following provision : "If the party sustaining loss or damage, is not satisfied with the determination of said company regarding the loss or damage, he may bring an action for the recovery of such loss or damage, in the Hannibal court of .common pleas, to be holden in the county of Marion, and if, upon trial, a greater sum shall be recovered than the amount determined by the company, the party suffering shall have judgment, with 6 per cent. interest; provided that execution shall not issue on any judgment until after the expiration of three months from its rendition, and that suit must be brought within twelve months from the date of loss." Acts 1872, p. 238, § 13.

It is unnecessary to notice the objections urged to the action of the trial court in disregarding the demurrer and the motion of defendant to rule plaintiff to give security for costs, and proceeding to try the case without a disposition of either; nor is it necessary to notice the various objections to the insufficiency of the petition, or to the giving and refusing instructions, as we think the error committed by the court in refusing the following declaration of law, asked for by defendant, is conclusive of the case: "The court instructs the jury that unless they find from the evidence that this suit was commenced within twelve months next after the loss occurred, they will find the issue for defendant." The policy contained a provision "that this policy is made and accepted upon the above express conditions, (referring to the conditions contained in the policy) and the charter and by-laws of the company." One of the conditions in the policy was as follows: "It is also expressly covenanted that no suit or action against this com-

pany, for the recovery of any claim by virtue of this policy, shall be sustained in any court, unless such suit or action shall be commenced within twelve months next after the loss shall occur, and should any suit or action be commenced against this company, after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The charter of the company being referred to in the policy, as a part of it, became as much so as if it had been copied in full therein. The charter provides: "That suit shall be brought by assured within twelve months from the date of loss." The contract of insurance stands upon the footing of other contracts, and it being voluntarily entered into, either party may insert and insist upon conditions for the benefit of either, and when they are so inserted and agreed upon, it is the duty of courts to enforce them, when not against public policy, and when legal. We can perceive no reason why such conditions as the above may not be agreed upon between the assurer and assured, and when agreed upon, they are operative and binding on the parties. So far as adjudicated cases have come under our observation, such conditions have been upheld. In the case of *Amesbury v. Bowditch Mutual Fire Ins. Co.*, 6 Gray 596, it was held that a stipulation in a policy that any action for the loss claimed, must be brought within four months, at a proper court, in the county in which the office of the company is situated, is valid, so far as the limitation of the time is concerned, though void so far as it affects the jurisdiction of courts. So in the case of *Cray v. Hartford Fire Ins. Co.*, 1 Blatchf. C. C., 280, Justice Nelson, in speaking of such conditions, says: "That the clause contemplates a loss about which a controversy may arise between the insured and the company, and in respect to which the right to indemnity may be denied. The object was not to foreclose it and prevent a resort to a proper

tribunal, but to compel a speedy resort and a termination of the controversy, while the facts were fresh in the recollection of the witnesses and parties, and the proofs were accessible. While it is not perceived to be at all injurious to the rights of the insured, it is manifestly beneficial to the company, who stand on the defensive and are obliged to wait the action of the adversary party."

So in the case of *Ketchum v. Protection Ins. Co.*, 1 Allen (N. B.) 136, 187, Justice Chipman observes: "There are many and good reasons, in cases of insurance against fire, why the assurers should introduce such a condition in their policies; they are always liable to fraud being practiced upon them, and it is very often extremely difficult to detect the fraud, or to get evidence to substantiate it in a court of justice, and the greater the lapse of time the greater the difficulty would be." "We, therefore, think it a wise and provident precaution to take—such as the assurers are legally justified in—to limit, in their policies, the times within which actions are to be brought, as a necessary protection to themselves against fraud; and, they have as much right to make such a stipulation, as the terms only on which they will take the risk, as they have to introduce any other condition, for the contract is voluntary, and they have a clear right to stipulate their own terms." In both of the above cases the following was the condition in the policy: "No suit or action of any kind against said company, for the recovery of any claim, upon, under or by virtue of this policy, shall be sustained in any court of law or chancery, unless said suit shall be commenced within the term of twelve months next after the cause of action shall accrue."

The same view was taken in the case of *Wilson v. Ætna Ins. Co.*, 27 Ver. 99. So also in the case of *Keim et al. v. Home Mutual Fire and Marine Ins. Co.*, of *St. Louis*, 42 Mo. 38, where the contract of insurance contained a condition that all claims under it should be forfeited, unless suit were brought to the next term of court, held sixty

days or more after refusal of company to pay. Judge Wagner observed . that the contract of insurance is voluntary, and the insurers have the same right to incorporate and impose this as any other condition, and if the assured objects to it, he is under no obligations to conclude the contract; but if he will voluntarily enter into it, he will be bound by it. The suit can only be brought on the contract, as contained in the policy, and one of the conditions of the policy, voluntarily agreed upon between the parties operates as a limitation, and precludes the plaintiffs from maintaining their action. In the case at bar, the loss occurred on the 14th of November, 1872, and the petition of plaintiff was filed on the 6th of December, 1873.

In the light of the adjudicated cases, as well as the reason of the case, the judgment of the court will be reversed, because of the error committed in refusing the instruction quoted herein; in which the other judges concur.

REVERSED.