## VETTE *v.* CLINTON FIRE INS. CO.

*(Circuit Court, E. D. Missouri, E. D.* April 30, 1887.)

1. LIMITATION OF ACTIONS—AGREEMENT—VALIDITY.
   The time within which suits upon a contract must be brought may be limited by agreement between the parties.

2. INSURANCE—CONSTRUCTION OF POLICY.
   Where a provision is inserted in a policy of insurance for the benefit of the insurer, and there is a reasonable doubt as to its meaning, that construction ought to be given it which is most favorable to the assured.

3. SAME—POLICY—LIMITATION OF ACTION—CONSTRUCTION.
   Where a policy of insurance provides that the loss, if any, should be payable "sixty days after due notice and proof of the same shall have been made,

* * * in accordance with the terms and provisions of the policy," and also provided "that no suit or action against the company for recovery of any claim by virtue of this policy shall be sustainable in any court * * * until after an award shall have been obtained fixing the amount of such claim, nor unless such suit or action shall have been commenced within six months after the loss shall have occurred," *held*, that the six months did not begin to run at the date of the loss, but at the time when the right to sue accrued.

At Law.

This is an action upon a policy of fire insurance. The loss occurred February 23, 1886. Proof was made, and the amount of the loss fixed by agreement, March 12, 1886, at $500. Action was brought upon the policy September 14, 1886.

*Muench & Cline*, for plaintiff.

*Given Campbell*, for defendant.

THAYER, J., (*orally.*) In this case the action is upon a policy of fire insurance, and the question to be decided arises upon a demurrer to the petition. The loss occurred on the twenty-third of February, 1886. Proofs of loss were furnished on the twelfth of March, 1886, and this suit was brought on the fourteenth of September, 1886. By the terms of the policy the loss is made payable "60 days after due notice and proofs of the same shall have been made by the assured, and received at the company's office, in accordance with the terms and provisions of the policy." The policy contained a further provision: "That no suit or action against the company for recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim; nor unless such suit or action shall have been commenced within six months after the loss shall have occurred."

If the provision last read is construed literally, and without reference to any other provisions of the policy. it would follow that this action was barred on the twenty-third of August, 1886; but, if it is construed in connection with other provisions, a different result may be attained. The clause in question is a special statute of limitations, created by contract between the parties, and it has been held that such stipulations are valid. *Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall. 389.

But when does the period of limitation begin to run, in view of other stipulations in the policy? It would seem reasonable to so construe the stipulation as to give the assured the full term of six months in which to sue, after a right to sue has accrued, and this, I think, was the intent of the parties to the contract. The loss is not payable until 60 days after proofs are furnished, and by a further provision the assured is deprived of his right to sue until an award has been made fixing the amount of the claim. In the mean time, according to defendant's theory, the limitation prescribed by the policy is running against the demand, and barring plaintiff of his remedy, although the time has not arrived when it is possible for him to maintain an action. Ordinarily, a statute of limitations does not begin to run until a right of action has accrued,— that is to say, until the plaintiff has full liberty to sue, if he is so in-

clined; and I see no good reason for construing the special statute of limitations imported into this contract in such way as to make it operative during a period when, by virtue of other stipulations of the contract, the right of action is suspended. There is another consideration which supports the view above expressed. The stipulation in question, limiting the right of action to six months after the loss occurs, is a provision, inserted for the special benefit of the insurer. If, then, by comparing the stipulation with other provisions of the policy, a doubt arises as to the time when the limitation begins to run, that construction ought to be given (if it be a reasonable construction) which is most favorable to the assured, against whom it was intended to operate. The view which the court has taken seems to be in harmony with the views expressed by other courts on the same question, *vide* Steen v. *Niagara Fire Ins. Co.*, 89 N. Y. 315; *Mayor, etc.* v. *Hamilton Ins. Co.*, 39 N. Y. 45; *Chandler* v. *St. Paul Ins. Co.*, 21 Minn. 85; *Spare* v. *Home Mut. Ins. Co.*, 17 Fed. Rep. 568; and May, Ins. § 479.

The demurrer is overruled, and the defendant held to answer.