THE TRAVELERS INSURANCE COMPANY, Plaintiff and Respondent *v.* THE CALIFORNIA INSURANCE COMPANY of San Francisco, and the PHENIX INSURANCE COMPANY, Defendants and Appellants.

1. **Limitation of Time to Bring Action on Policy of Insurance.**

Where a policy of fire insurance provides that action thereon must be brought within a specified time after the loss occurs, the limitation runs from the date of the fire, although, under other provisions of the policy the cause of action does not accrue until some time after the fire.

**2.  Mortgagee to Whom Loss Payable May Sue Alone on Policy.**

A mortgagee, to whom policy to mortgagor is made payable, may sue alone where his claim exceeds the amount of the insurance.

**3.  Reinsurance; When Insured May Sue Reinsurer.**

A mere contract of reinsurance creates no privity between the original insured and the reinsurer; but where the loss or risk is expressly assumed by another company, the original insured may sue upon such contract as having been made for his benefit.

(Opinion Filed May 6, 1890.)

*A PPEAL* from district court, Cass county; Hon. WM. B. McCONNELL, Judge.

Action by mortgagee on a policy of insurance issued to mortgagor, loss, if any, payable to mortgagee, by defendant California Insurance company.  Complaint alleged that the risk of the California Company was reinsured and assumed by defendant Phenix Company.  Defendants demurred (but not separately) on ground that complaint stated no cause of action.  Demurrer overruled; the ruling was excepted to and the defendants answered admitting that the Phenix Company reinsured and assumed the risk.  Verdict and judgment for plaintiff.

W. L. Wilder and Messrs. Miller, Cleland & Cleland for appellants, argued:  That the complaint failed to show any liability on the part of the Phenix Company.  Johannes v. Phenix Co., 15 Ins. Law Jour. 449; Doyle v. Phenix Co., 44 Cal. 264; Johnson v. Home Ins. Co., 6 Pac. Rep. 727, and other cases. That action was barred by the limitation contained in the policy. Riddlesberger v. Hartford Ins. Co., 7 Wallace, 386; Arthur v. Homestead Ins. Co., 78 N. Y. 462; Laughlin v. Union Central Life Ins. Co., 11 Fed. Rep. 280; Garretson v. Hawkeye Ins. Co., 65 Iowa, 468; Ripley v. Ætna Ins. Co., 30 N. Y. 164.

Alf E. Boyesen, for the respondent, argued:  That time for beginning action does not begin to run until sixty days after proofs of loss are furnished; citing, Ellis v. Council Bluffs Ins. Co., 20 N. W. 782; Frienzen v. Allemania Ins. Co., 30 Fed. Rep. 353; Mix v. Andes Ins. Co., 9 Hun, 397; Major v. Hamilton Ins. Co., 16 W. Va. 658; Steen v. Niagara Ins. Co., 89 N. Y.

315; Spare v. Home Mutual Ins. Co., 17 Fed. 569; Longhurst v. Star Ins, Co. 19 Iowa, 364.

CORLISS, C. J. The alleged liability of the defendant, the California Insurance Company of San Francisco, rests upon a fire insurance policy issued by it covering buildings owned by one E. C. Sprague; and the other defendant, the Phenix Insurance Company, is sought to be held by virtue of a contract between it and its co-defendant whereby it reinsured the risk, and assumed the same. If this contract were strictly one of reinsurance, there would be no such privity between the original insured and the reinsurer as would create a liability on the part of the latter to the former. Strong v. Insurance Co., 62 Mo. 289; Insurance Co. v. Cashow, 41 Md. 59; Herckenrath v. Insurance Co., 3 Barb. Ch. 63; Com. Mut. Ins. Co. v. Detroit F. & M. Ins. Co., 38 Ohio St. 11-16; Gantt v. Insurance Co. 68 Mo. 533. This doctrine has been embodied in our Code. § 4186 Comp. Laws. But this contract appears to have been more than one of reinsurance. The Phenix Company assumed the risk, and there is respectable authority holding that under such an agreement the original insured may sue directly the company that assumes the loss. Johannes v. Insurance Co., (Wis.) 27 N. W. Rep. 414; Glen v. Insurance Co., 56 N. Y. 379; Fischer v. Insurance Co., 69 N. Y. 161. No question having been made in the court as to the liability of the Phenix Company directly to the insured we will not discuss the point any further.

The plaintiff sues as the mortgagee of the insured, whose debt exceeds the amount due under the policy. The policy makes the loss payable to the mortgagee as its interest may appear. It is not claimed that the mortgagee cannot maintain this action without joining with it the insured as a party plaintiff. That the mortgagee may sue alone, where his claim exceeds the amount of the insurance, has the support of several cases. Hammel v. Insurance Co., 50 Wis. 240, 6 N. W. Rep. 805; Core v. Insurance Co., 60 N. Y. 619; Martin v. Insurance Co., 38 N. J. Law, 140; Coates v. Insurance Co., 58 Md. 172. If the owner lays claim to any part of the insurance money, the company may protect itself by interpleader. But the better

practice is for the mortgagor and mortgagee both to sue. See Winne v. Insurance Co., 91 N. Y. 185; Appleton Iron Co. v. British America Assur. Co., 46 Wis. 23, 1 N. W. Rep. 9.

The defendants claim that the cause of action was destroyed by the lapse of time before the commencement of the action. The policy contains the usual limitation clause providing that no action shall be maintained upon the policy "unless commenced within twelve months next after the loss shall have occurred," and that the lapse of that time shall be taken as conclusive evidence against the validity of any claim under the policy. The loss occurred May 24, 1885, and this action was not brought until March 24, 1887. It is claimed by plaintiff, however, that proofs of loss were not furnished until April 1, 1886, and that the twelve-months limitation did not commence to run before that date, and therefore the action was brought in time. This presents the question of the construction of such limitation clauses, which has often vexed the courts. It is undoubtedly true that a majority of the adjudications so interpret these limitations as to allow the full time to sue after the right of action has accrued, although more than the limited time has elapsed since the loss occurred. We cannot assent to the doctrine of these cases. They rest upon the alleged necessity of harmonizing conflicting provisions. In these cases, as in this, the policies provided that the loss should not be payable until a specified number of days after the proofs of loss. There is no conflict between such a provision and another part of the same policy requiring the action to be brought in twelve months, or any other time, after loss shall have occurred, provided, of course, a reasonable time is left after the cause of action has become perfect in which to sue. The error which appears to this court to lie at the foundation of these decisions is the assumption that the insurance company intended to give the insured the full time specified, during every moment of which he might institute his action. What right has any tribunal to find hidden somewhere in the contract a privilege to have the full time to sue after the cause of action has accrued, when the policy gives it only from the time the loss occurs? There are two distinct provisions—one that the insured shall not sue before a cer-

tain time, and another that he shall not sue after a certain time. These do not clash. They merely necessitate the construction that the intention was to give the insured such period in which to maintain his action after he could sue as would be left after deducting from the time limited the time which must elapse before the right to sue could accrue.

But we find in these cases this extraordinary reasoning: They assert that this doctrine will often kill the action before it could have life. The answer is short and simple. Every limitation in a contract is void which does not leave the plaintiff a reasonable time in which to sue after his right to sue has become perfect. When an insurance company has declared that a suit must be brought within forty days after loss has occurred, and that no action shall be maintained until thirty days after proof of loss, the duty of the court is not to interpolate into the contract a provision that the limitation runs from the date the cause of action accrues in place of one expunged by the same process, to-wit: the provision that the time runs from the time the loss occurs, which is the date of the fire; but the court should invoke against the company the rule that a right of action shall not, in effect, be destroyed by a limitation which leaves the plaintiff an unreasonably short time to sue after his cause of action has accrued, and declare the limitation clause void. If other provisions of the policy make it appear that in every case a reasonable time will not be left after the right to sue has become perfect, the limitation is void. If, acting in good faith, and with all proper diligence, it transpires in any particular case that other provisions of the policy to be complied with as conditions precedent to a right of action could not be performed in time to leave a reasonable time thereafter in which to sue, the limitation is inoperative in such a case; and, if the company has induced the insured to believe that the loss will be paid, or that the limitation will not be insisted on, until it is too late to sue, the limitation is waived. Thus the insured is fully protected by the application of known and established principles. The contract is construed as it is written, and the time when the limitations begin to run, if at all, is fixed, and not uncertain. In Johnson v. Insurance Co., 91 Ill. 92, the lim-

itation provision required the action to be brought within twelve months after the "loss occurred," and it was declared that no action should be commenced until sixty days after proof of loss. Said the court: "The two clauses, considered together, obviously provide that the company shall have sixty days within which to make payment after notice and proof of loss, but in no event should a suit or action be commenced after the expiration of twelve months from the date of the fire producing the loss. Any other meaning attached to the language, it seems to us, would be strained, unreasonable, and in direct violation of the plain intention of the parties clearly expressed." To same effect are Insurance Co. v, Wells, (Va.) 3 S. E. Rep. 349; Chambers v. Insurance Co., 51 Conn. 17. Chandler v. Insurance Co., 21 Minn. 85, apparently supports this view. There were two distinct clauses in the limitation provision of the policy in that case, one of which clearly contemplated that the insured should have twelve months after the cause of action accrued, and the other of which declared that the action must be brought within twelve months after the loss had occurred. The court held that the limitation began to run from the date when the right to sue became perfect, on the ground that the clauses were inconsistent, and therefore that must prevail which was most favorable to the insured. But, by holding that the two clauses were inconsistent, it necessarily adjudged that the clause which required the action to be brought within the time specified after the loss had occurred referred to the date of the fire, and did not refer to the accruing of the cause of action as the date from which such language would make the limitation run, as that was what the other clause was construed to, and clearly did, mean. The court in Semmes v. Insurance Co., 13 Wall. 10, appears to have adopted the same construction, although this precise question was not in the case; the court saying: "It is not said, as in a statute, that a plaintiff shall have twelve months from the time his cause of action accrued to commence suit, but twelve months from the time of loss, yet by another condition the loss is not payable until sixty days after it shall have been ascertained and proved. The condition is that no suit or action shall be sustainable un-

less commenced within the time of twelve months next after the loss shall occur," etc. The whole trend of this opinion, and the decision of the court, show that such a provision was regarded, not as giving the insured a specific time during all of which he might sue, but simply as fixing a period beyond which he could not sue.

It appears that a former suit, brought within a year after the loss occurred, was dismissed, and this action instituted after the year had elapsed. But it is well settled that the bringing of an action within the time limited, and which is afterwards dismissed, will not save the second action, commenced subsequently to the expiration of the time, from the operation of the limitation. O'Laughlin v. Insurance Co., 11 Fed. Rep. 280; Riddlesbarger v. Insurance Co., 7 Wall. 386; Wilson v. Insurance Co., 27 Vt. 99; Arthur v. Insurance Co., 78 N. Y. 462. To the former action the defendant pleaded as a defense that it was prematurely brought, in that sixty days had not elapsed since the receipt by it of proofs of loss. This defense the company had a perfect right to make without waiving the limitation clause. See Arthur v. Insurance Co., 78 N. Y. 462. The two provisions are independent of each other. If the insured places himself in a position where he cannot sue within the time limited without suing prematurely, and cannot, on the other hand, wait until he has a right to sue after making proofs of loss without having his claim destroyed by the limitation provision, it is his own fault; and the company had an undoubted right to urge the defense that the action was prematurely brought without being held to waive the other defense to the second action, commenced too late. Moreover, the time had not run when the first action was brought, and the limitation defense could, therefore, not have been interposed to that action. It cannot be said that the defendant, the California Company has estopped itself from setting up the defense by holding out to the insured the hope of a settlement without suit. Assuming that all that was said and done by its own agent, and also by the agent of the Phenix Company, was sufficient to justify the insured in refraining from suing, there came a time when he became satisfied that the companies did not intend to pay; and

this was in December, 1885, five months before his right to sue was extinguished. Certainly after that time nothing was said or done by either company to lead the insured to believe that payment without suit was intended. In this connection the case of Garido v. Insurance Co., (Cal.) 8 Pac. Rep. 512, is important. In this case the year's limitation expired February 15, 1881. Negotiations for settlement were continued until January 21, 1881, when insured was informed that the company would not pay. In answer to the claim of waiver, the court said that he had ample time in which to bring his action after the company had ceased to lead him to believe that suit would not be necessary. It will be noticed that in that case the insured had only twenty-five days left, whereas in the case at bar he had five months. To same effect is Garretson v. Insurance Co., (Iowa,) 21 N. W. Rep. 781. There is nothing in the sickness of the insured and his family to excuse his delay. In fact, none even of the statutory exceptions are applicable to a limitation by contract, and the time runs on in spite of them. O'Laughlin v. Insurance Co., 11 Fed. Rep. 280; Williams v. Insurance Co., 20 Vt. 222; Suggs v. Insurance Co., (Tex.) 9 S. W. Rep. 676; Wilkinson v. Insurance Co., 72 N. Y. 500; Riddlesbarger v. Insurance Co., 7 Wall. 386.

No question is made as to the validity of the limitation clause in the policy. Such provisions are valid in the absence of a statute. This is settled law. Our statute relates to such provisions (section 3582, Comp. Laws;) but it is conceded that the statute has no application to the facts of this case, because the contract was a Minnesota contract, insuring property there, made there, and to be performed there. The limitation was valid in that state, and it in terms extinguished the right, and did not merely bar the remedy. May, Ins. § 432; Williams v. Insurance Co., 20 Vt. 222; Suggs v. Insurance Co., (Tex.) 9 S. W. Rep. 676.

As the plaintiff may be able on a new trial to show that the limitation was waived, we will not direct judgment against him, but reverse the judgment of the district court, and order a new trial. All concur.

WALLIN, J., having been of counsel, did not sit in the above

case; TEMPLETON, J., of the first judicial district, taking his place.