[No. 186. Decided June 17, 1891.]

THE STATE INSURANCE COMPANY v. OTTO MEESMAN.

FIRE INSURANCE—ACTION ON POLICY—LIMITATION AS TO TIME.

Where a policy of fire insurance provides that no action thereon "shall be sustained unless commenced within six months after the fire shall have occurred," the period of limitation begins to run from the date of the fire, although another clause of the policy may provide that "no loss shall become due and payable" until proof of loss is made, and examined into by the insurance company. (DUNBAR, J., dissents.)

*Appeal from Superior Court, Clarke County.*

The facts are fully stated in the opinion of the court.

*E. E. Coovert,* and *R. & E. B. Williams & Carey,* for appellant.

*Gilbert & Snow,* for appellee.

The opinion of the court was delivered by

ANDERS, C. J.—This is an action upon a fire insurance policy issued by appellant to appellee to recover a loss amounting to $221, alleged to have been sustained by appellee by reason of the destruction by fire of the property insured. The complaint was filed February 3, 1890, and service duly made. Defendant appeared and answered, setting up as a defense false representations made by plaintiff to defendant in his application for insurance, concerning his title to the land upon which the insured buildings were situated; and that, by the terms of the policy, action should be commenced thereon, if at all, within six months after the date of the fire. Plaintiff, in his reply, denied making any false representations, or that he knew any statements or representations contained in his said application were false or untrue; and alleged that at the time of making application for the policy of insurance he fully

and truly explained to the agent of the defendant who received said application the true nature of his right and title in and to said land; and that said agent thereafter filled out said application, and plaintiff signed the same in good faith, and relying upon and believing the statement of said agent then and there made to plaintiff that the said application was right and in proper form. Plaintiff further alleged that his loss was adjusted by and between himself and the defendant on the 8th day of August, 1889, at $221. The issues having been thus joined, the case was tried by a jury, who returned a verdict in favor of the plaintiff for the sum claimed in the complaint. A motion for a new trial having been denied, judgment was entered in favor of the plaintiff and against defendant for the amount specified in the verdict. Defendant brings the case to this court for review, and seeks a reversal of the judgment for errors duly assigned.

Counsel for appellant contend that the action is barred by limitation fixed in the policy for bringing the action; and, in order to determine that question, it becomes necessary to examine the contract as made by the parties thereto. Among the provisions in the policy are the following:

"It is hereby expressly covenanted and agreed by the parties hereto that no suit or action against this company for the recovery of any claim under and by virtue of this policy shall be sustained in any court of law or chancery unless such suit or action shall be commenced within six months after the time the fire shall have occurred; and in case any such suit or action shall be commenced against this company after the expiration of the aforesaid six months, the lapse of time shall be taken and admitted as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding.

"All persons having a claim under this policy for loss or damage shall proceed at once to put the property saved or damaged in the best order possible, separating the damaged from the undamaged, and shall give immediate notice, and

render a particular account thereof, in writing, to the company, stating the time, origin and circumstances of the fire, the occupancy of the building insured or containing the property insured at the time of the loss, the whole value and ownership of the property insured, and all encumbrances; all of which shall be verified by the affidavit of the assured and claimant. If required, the assured and claimant shall be examined and re-examined under oath by any person appointed by the company, at such time or times and place or places, in the county where the loss occurs, as the company or such persons may require, touching all questions relating to the claim, and shall subscribe to the same; and until such examination (if required) shall have been submitted to, subscribed and verified as herein specified, the company shall not be called upon to consider such claim or loss, nor shall the same become due and payable: ₒ ₒ ₒ *Provided, further,* That it shall be optional with the company to repair, rebuild or replace the property lost or damaged with other of like kind and quality within a reasonable time, giving notice of their intention so to do within sixty days after receipt of proofs herein required; and, in case the company elect to rebuild, the assured shall, if required, furnish plans and specifications of the buildings destroyed.

"In case of any differences of opinion as to the amount of loss or damage, such differences may be submitted to the judgment of two disinterested and competent men mutually chosen (who, in case of disagreement, shall select a third), whose award shall be conclusive and binding on both parties as to the amount only."

The fire occurred on July 31, 1889. On August 8, 1889, the agents of the company went to the plaintiff to determine the amount of his loss. The plaintiff testified, "My loss was adjusted at $221;" and this was not disputed by the agents themselves when called as witnesses on the part of the defendant. They did not agree that the loss would be paid, but at most, only promised to do the best they could for plaintiff. On August 13, 1889, howev

secretary of the insurance company wrote a letter to the plaintiff, in which he said:

"We cannot see that you have any claim against this company for your loss, and must therefore decline to give the matter further consideration."

As before stated, plaintiff commenced this action on February 3, 1890, which was six months and three days after the fire occurred. It is not claimed by counsel for appellee that the limitation of time expressed in the policy for the commencement of an action for the loss sustained is invalid, and, so far as we have been able to ascertain from an examination of adjudicated cases, such stipulations have been uniformly held valid and binding. But counsel contend that plaintiff could not have maintained an action against the company until August 13, 1889, at which time the company refused to pay the loss, and that the action was therefore commenced in time, although more than six months had elapsed since the happening of the fire. In other words, appellee claims that the time of limitation did not commence to run at the date of the fire, but at the time when the cause of action accrued, and that all of the provisions of the policy, taken together, warrant that construction. Numerous authorities are cited in support of appellee's contention. The decisions in these cases are based upon the assumption that the provision in the policy postponing a right of action until proof of loss is made, or until a certain number of days thereafter, is in conflict with the provision limiting the time within which an action may be commenced, and that these stipulations must therefore be harmonized by judicial construction. We cannot assent to this doctrine. The most careful reading of the provisions and stipulations in the policy now before us will fail to disclose any conflict therein. In the case at bar every stipulation in favor of the company

was waived, excepting that providing for the proof of loss. After adjustment of the loss, and the waiver of all other conditions, appellee still had five and one-half months of the stipulated time remaining. No excuse or reason is given by him for his procrastination; and yet we are now called upon to sustain the action, notwithstanding the delay in bringing it until after the contract limitation had expired, upon the ground that the contract really means something different from what it says. The parties stipulated that no action upon the policy "shall be sustained unless commenced within six months after the time the fire shall have occurred," and that "the lapse of time shall be taken and admitted as conclusive evidence" against the validity of any claim against the company. This language is certainly plain and unambiguous. The other stipulations simply provide that no action shall be commenced until certain things therein specified shall have been done; and the evident meaning of the whole contract is that no action shall be commenced before the doing of these things, nor, in any event, after the lapse of six months. This construction gives full force and effect to every stipulation and provision in the policy, and does violence to none. But it is urged by counsel for appellee that, inasmuch as the company has secured itself against being sued immediately on the occurrence of the loss, it must be presumed not to have been the intention of the parties to suspend the remedy, and at the same time to provide for the running of the period of limitation. We are unable to perceive, however, how any such presumption can arise without, in effect, substituting another and different contract for the one made by the parties. It was but natural and reasonable for the insurance company to protect itself against the cost and annoyance of an action until it could have an opportunity to investigate the circumstances attending the fire by which the loss occurred, and ascertain its

liability, and determine whether to replace the property or pay the loss, or to refuse to pay it, if satisfied of the unjustness of the claim; and appellee, having consented to such a stipulation, should not now, in our opinion, be heard to object that the company thereby waived or extended the limitation of time for bringing an action. It is proper to remark, in passing, that this policy differs essentially in the provision respecting the limitation of actions from most, if not all, of those in controversy in the cases cited by appellee. In most of those cases a period of sixty days was reserved after proof of loss, before the expiration of which no action could be commenced. And in the leading case of *Steen v. Insurance Co.*, 89 N. Y. 315 (42 Am. Rep. 297), cited by appellee, DANFORTH, J., says:

"No doubt the appellant could have stipulated that the time of the fire should be looked to as the event from the happening of which the limitation should run, but it would require distinct language to show that such was the intention of the parties. It is not used here. It is found in *Schroeder v. Keystone Insurance Co.*, 2 Phila. 286, one of the cases cited by the appellant."

In the policy before us we have almost identically the same "distinct language" that was used in the policy in the Schroeder case, and it is impossible to give it any different construction from the one there adopted. The following cases also support the view we take of this question: *King v. Watertown Fire Ins. Co.*, 47 Hun, 1; *Travelers' Ins. Co. v. California Ins. Co.* (N. D.), 45 N. W. Rep. 703; *Bradley v. Phœnix Ins. Co.*, 28 Mo. App. 7; *Johnson v. Humboldt Ins. Co.*, 91 Ill. 92 (33 Am. Rep. 47); *Fullam v. Ins. Co.*, 7 Gray, 61 (66 Am. Dec. 462); *Thompson v. Phœnix Ins. Co.*, 25 Fed. Rep. 296; *Ins. Co. v. Wells*, 83 Va. 736 (3 S. E. Rep. 349); *Tasker v. Ins. Co.*, 58 N. H. 469.

Holding, as we are constrained to do, that the action is barred by the lapse of time, it is not necessary to examine

the other objections raised by appellant. The judgment of the court below is reversed, and the action dismissed.

SCOTT, HOYT, and STILES, JJ., concur.

DUNBAR, J. (*dissenting*). — I am unable to agree with the majority opinion in this case, either in its logic or its conclusion. Of course, if the provisions in regard to limitation were considered without reference to any other provisions in the policy, there is no room for construction, and this action would have been barred upon the 30th of July; but courts should not construe conditions in a contract as independent propositions segregated from the rest of the contract. This contract, like every other, must be construed with reference to all of its provisions, and especially must this provision be construed with reference to other provisions on the same subject. The subject of this provision is "limitation," or the time within which the company could be sued or could not be sued. But there is another provision in the policy — that the company shall not be liable after a fire occurs until an examination is made of the loss, at such time or times as the company may require. This provision in the policy is on the same subject as is the provision relied upon by appellants. It is the subject of limitation, and prescribes the time during which the company cannot be sued for the loss. And the two provisions must be construed together, and the intention of the contracting parties must be gathered, not from any one express condition, but from the whole contract. Let us look further at the provisions of this policy. The time within which this proof must be made is not limited, but the time shall be at such time as the company shall require, and the law will probably construe this to be a reasonable time. But there is another provision which gives the company sixty days more after the receipt of the proof to make up its mind whether it will rebuild or pay the money. During

this sixty days additional the company cannot be sued, and if at the end of that time it concludes not to pay at all, probably one-half of the time allowed the insured has ex-pired. And as the fallacy of a position is best shown by distorting it, I will presume that two more provisions grant-ing additional time to the company are injected by them into the policy, and the time of the insured in which to seek his remedy shall be exhausted, and yet the language of the first provision in reference to the six months limit-ation is perfectly plain and unambiguous.

The general rule in regard to limitation is, that it does not begin to run until after the right of action accrues. The very essence and central idea of the law is, that the party shall have the right during all the time within the statute to bring his action, and, if anything occurs to prevent the exercise of this right, the statute in the mean time is not running. It is true that this is so by provision of the stat-ute, but it is a provision so common, so generally understood, and so universally acted upon, that parties may well be sup-posed to have contracted for a shorter limitation with refer-ence to conditions universally surrounding and attaching to statutes of limitation. The provision limiting the right of action to six months is inserted for the special benefit of the company. It is a restriction of the legal rights of the in-sured; and, if there are any doubts as to its proper import, those doubts should be resolved most strongly in favor of the insured, against whom it was intended to operate. *Ames v. Insurance Co.,* 14 N. Y. 253; *Mayor, etc., v. Insurance Co.,* 39 N. Y. 45 (100 Am. Dec. 400); *Hay v. Insurance Co.,* 77 N. Y. 235; *Steen v. Insurance Co.,* 89 N. Y. 315 (42 Am. Rep. 297); *Chandler v. Insurance Co.,* 21 Minn. 85 (18 Am. Rep. 385); *Killips v. Insurance Co.,* 28 Wis. 472 (9 Am. Rep. 506); *Martin v. Insurance Co.,* 44 N. J. Law, 485 (43 Am. Rep. 397); *Ellis v. Insurance Co.,* 64 Iowa, 507; (20 N. W. Rep. 782); *Vette v. Insurance Co.,* 30 Fed. Rep. 668. It is true that in many of the cases cited the

language of the provision is " within six months [or twelve months, as the case may be] after the loss shall have occurred," but those cases cannot be distinguished in principle from those where the language employed is "six months from the time of the fire." The time of the fire is the time of the loss, as a matter of course, and it is idle to multiply words in trying to show a difference where it does not exist. It is true the court in *Steen v. Insurance Co.,* 89 N. Y. 315 (42 Am. Rep. 297), undertook incidentally to distinguish the language, but the attempt was a failure, and the courts generally, in holding in favor of the view urged by appellee, have placed their decisions squarely upon the ground that all the conditions of the policy must be construed together, and that, construing them together, the intention was gathered that the limitation did not begin to run at the date of the loss, but at the time when the right to sue accrued. In *Vette v. Insurance Co.,* cited above, the court says:

" But when does the period of limitation begin to run, in view of other stipulations in the policy? It would seem reasonable to so construe the stipulation as to give the insured the full term of six months in which to sue after the right to sue has accrued; and this, I think, was the intent of the parties to the contract. The loss is not payable until sixty days after proofs are furnished, and by a further provision the assured is deprived of his right to sue until an award has been made, fixing the amount of the claim. In the mean time, according to defendant's theory, the limitation prescribed by the policy is running against the demand, and barring plaintiff of his remedy, although the time has not arrived when it is possible for him to maintain an action. Ordinarily a statute of limitations does not begin to run until a right of action has accrued — that is to say, until the plaintiff has full liberty to sue if he is so inclined; and I see no good reason for construing the special statute of limitations imported into this contract in such way as to make it operative during a period when by virtue of other stipulations of the contract the right of action is suspended."

To the same effect is *Spare v. Insurance Co.*, 17 Fed. Rep. 568; *Chandler v. Insurance Co.*, 21 Minn. 85 (18 Am. Rep. 385); *Mayor, etc., v. Insurance Co.*, 39 N. Y. 45 (100 Am. Dec. 400); *Ellis v. Insurance Co.*, 64 Iowa, 507 (20 N. W. Rep. 782); *Miller v. Insurance Co.*, 70 Iowa, 704 (29 N. W. Rep. 411); *Hay v. Insurance Co.*, 77 N. Y. 235; *Barber v. Insurance Co.*, 16 W. Va. 658 (37 Am. Rep. 800); 2 May, Ins., § 479; *Mix v. Insurance Co.*, 9 Hun, 397; *Killips v. Insurance Co.*, 28 Wis. 472 (9 Am. Rep. 506); *Murdock v. Insurance Co.*, 33 W. Va. 407 (10 S. E. Rep. 777). In *Friezen v. Insurance Co.*, 30 Fed. Rep. 352, the policy provided, just as this one does, that the action to recover upon the policy should be commenced within six months after the fire occurred, with similar provisions with regard to the time of payment, and the court held that these provisions should all be construed together, and the six months limitation be reckoned, not from the occurrence of the fire, but from the time the loss was due and payable. "In any other construction," said the court, "the insured's right of action might be barred before it had occurred." Also in *Case v. Insurance Co.*, 83 Cal. 473 (23 Pac. Rep. 534), the provision is that there shall be no recovery unless suit or action shall be commenced within twelve months next after the fire, and provides also that no suit shall be commenced until after the loss is appraised. It was held that the limitation did not run from the time of the fire, but from the time the right of action accrued. Other courts, notably *Johnson v. Insurance Co.*, 91 Ill. 92 (33 Am. Rep. 47); *Glass v. Walker*, 66 Mo. 32; *Fullam v. Insurance Co.*, 7 Gray, 61 (66 Am. Dec. 462); *Bradley v. Insurance Co.*, 28 Mo. App. 7 — have held that the letter of the limitation clause must govern, and that the period begins from the loss; but I think that the contention of the appellee is based both on the weight of authority and right reasoning. The courts must construe the contract so as to give force to all its provisions, if possible, and make them all operative and harmonious. It

was the evident intention of the contracting parties that the statutory time of limitation should be shortened to six months, and that six months should be substituted instead of six years, as it would be under the law.    Under that provision, standing by itself, the insured would have had six months from the date of the fire during any time of which he could have brought his action to recover his loss. But the company, for its own protection, imposed other conditions having indirect reference to and modifying the provisions giving the party the right to sue any time within the six months; so that it will be seen that, even for the benefit of the company, the subsequent condition of immunity from suit for a certain time must have been made with reference to the first provision in relation to the limitation, and this provision must not be construed relatively in favor of the interests of one party and independently against the interests of the other.    It seems plain to me that the provisions depend one upon the other, and must be construed together; that the parties understood that the company was not to be harassed with a suit until it had had ample opportunity to adjust the loss; and that the insured was to have the benefit not of three months, or of four months, but of six months, to bring his action.

On the proposition that Meesman made misrepresentations in his application in regard to the ownership of the land, that question was raised by the pleadings, and went to the jury, and the jury found for plaintiff under the instructions of the court, which correctly stated the law.    It was not a question of varying a written contract by parol testimony; it was simply a question of whether the insured or the agent of the company was responsible for certain answers to certain questions in the application.    One or two other points were made, but they are of trifling importance; and, even if errors were made, it was evidently without prejudice, and would not justify a reversal of the case.    I think the judgment should be affirmed.