## WEVER *et al.* v. PIONEER FIRE INS. CO.

**No. 3756.** Opinion Filed December 14, 1915.

(153 Pac. 1146.)

1.  **INSURANCE—Action on Policy—Contract Limitation.** The provision in the standard form of fire insurance policy, provided for in section 3481, and contained in section 3482, Rev. Laws 1910, that "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within twelve months next after the fire," is unambiguous, and, in an action on the policy commenced more than 12 months after the date of the fire, will be enforced in accordance with the plain meaning of its terms, where no extrinsic facts are alleged excusing delay in instituting the action.

2.  **SAME.** Where a standard form of policy of fire insurance contains the provision that no suit or action shall be sustainable in any court of law or equity unless commenced within 12 months next after the fire, the period of limitation begins to run from the date of the fire, notwithstanding the policy also contains a provision that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

(Syllabus by the Court.)

*Error from County Court, Coal County;*

*R. H. Wells, Judge.*

Action by W. F. Wever and another against the Pioneer Fire Insurance Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

*William H. Fuller, George M. Porter,* and *C. E. B. Cutler,* for plaintiffs in error.

*Scothorn, Caldwell & McRill,* for defendant in error.

SHARP, J. Plaintiffs' action was brought July 29, 1911, to recover on an Oklahoma standard form fire insurance policy, issued by the Pioneer Fire Insurance Company to the plaintiff W. F. Wever, October 16, 1909. The amended petition alleged the total destruction of the property insured on April 5, 1910, on which date, it was said, the insurance policy was in full force and effect. To both the original and amended petitions, the defendant filed a general demurrer, and also a special demurrer, on the ground that both petitions disclosed that plaintiffs' cause of action was barred by limitation.

Section 3481, Rev. Laws 1910, provides that no fire insurance company shall issue fire insurance policies on property in this state, other than those of the standard form therein set forth, with certain enumerated exceptions not involved in this appeal. Section 3482 contains a standard form of policy, in which is the following provision:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The policy contains additional provisions to the effect that if fire occur, the insured shall give immediate notice in writing of any loss thereby, and within 60 days after the fire, unless such time is extended in writing by the insurer, shall render a statement to the company, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire, together with other requirements not here necessary to enumerate; and further provides, in effect, that the policy shall be payable 60 days after due notice, ascertainment,

estimate, and satisfactory proofs of the loss have been received by the company, in accordance with the terms of the policy, and not otherwise.

It is the contention of the plaintiffs in error that the statute of limitations did not begin to run until the expiration of 12 months from the time the policy was payable by the insurer; while on the part of the insurer it is urged that the statute of limitations commenced to run from the time of the fire. It is said, in effect, by plaintiffs in error that, because of the terms of the policy, the company could not be sued until certain conditions were complied with, which would necessarily consume a portion of the time, and, the loss not being payable until 60 days after satisfactory proofs of the loss were received by the company, it might happen, if the limitation clause should be construed according to its language, that the action would be barred before the right to sue actually accrued under other provisions in the policy, and therefore the parties cannot have intended what they expressly said; that the provision in the policy postponing a right of action until 60 days after proofs of loss are furnished is in conflict with the provision limiting the time within which an action may be commenced, and that these provisions must be harmonized by judicial construction. To this view we cannot give our assent. "Twelve months next after the fire" cannot be tortured into meaning "twelve months from the date the loss becomes payable." Plain, unambiguous words which have but one meaning are not subject to construction. "Twelve months next after the fire" has but one meaning. It can have no other. The fact that the policy was not payable until 60 days after proofs were furnished does not tend to make uncertain or ambiguous the language of the policy.

Nor is there any conflict in the several provisions of the statutory form of policy. Giving to the insured the full time allowed him for the submission of the proofs of loss, and to the insurer the time prescribed for payment of the loss after proofs of loss have been received, there would have remained eight months in which to bring action in the event that liability was denied or payment refused. To so hold gives full force and effect to each of the several provisions of the policy, and does violence to none. *Kansas City Bridge Co. v. Lindsay Bridge Co.,* 32 Okla. 31, 121 Pac. 639. Any other view would be not to construe the language of the policy, but to change it. *Oklahoma Nat. Life Ins. Co. v. Norton,* 44 Okla. 783, 145 Pac. 1138, L. R. A. 1915E, 695; *United States v. Fisk,* 3 Wall. 445, 18 L. Ed. 243. It would substitute another and different policy for the one prescribed by the Legislature. Not only are we precluded from changing the provisions of the policy, under the guise of construction, from making a new contract for the parties, but the parties themselves could not have made the contract contended for by the insured. They had no volition in the matter. They could have provided no different period of limitation. The limitation in the policy for the bringing of an action was not a part of the policy by virtue of any agreement of the parties, but by command of the statute. *Hamilton v. Royal Ins. Co.,* 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485; *Temple v. Niagara Fire Ins. Co.,* 109 Wis. 372, 85 N. W. 861; *Tracy v. Queen City Fire Ins. Co.,* 132 La. 610, 61 South. 687, Ann. Cas. 1914D, 1145. The Legislature having undertaken to fix a special statute of limitations, we cannot say, as a matter of law, that the time allowed is unreasonable. The statutes of some of the states, it appears, allow but six months after loss, or fire,

or the doing of a certain act, in which to bring suit. Circumstances might arise, and often do, that would have the effect of delaying the period in which suit could be brought. Such was the case in *Pacific Mut. Life Ins. Co. v. Adams*, 27 Okla. 496. 112 Pac. 1026. No circumstances appear from the plaintiffs' amended petition by which they were deprived of a reasonable time in which to bring their action. If such were the case, a different question might arise.

When the statute commenced to run presents a question in which there is much conflict of authority. We believe, however, that the weight of authority and the better reasoned cases support our conclusion. The provision of our statute, fixing the time within which suit shall be brought, is identical with that provision of a policy before the court in *Allen v. Dutchess County Mut. Ins. Co.*, 95 App. Div. 86, 88 N. Y. Supp. 530, in which it was held that the 12 months' limitation began to run from the date of the fire, citing *King v. Watertown Fire Ins. Co.*, 47 Hun. 1; *Cooper v. U. S. Mut. Ben. Ass'n*, 132 N. Y. 334, 30 N. E. 833, 16 L. R. A. 138, 28 Am. St. Rep. 581. In the latter case, the prior decisions of that court in *Mayor, etc., v. Hamilton Fire Ins. Co.*, 39 N. Y. 115, 100 Am. Dec. 400; *Hay v. Star Fire Ins. Co.*, 77 N. Y. 235, 33 Am. Rep. 607, and *Steen v. Niagara Fire Ins. Co.*, 89 N. Y. 315, 42 Am. Rep. 297, were held not to be controlling, for the reason that there the period of limitation was 12 months "after any loss or damage shall accrue," or "after the loss shall occur," or "next after the loss or damage shall occur." In the latter case the policy limited the time for bringing an action, as already seen, to a term of 12 months "next after the

loss or damage shall occur," and it was said, after re-
ferring to previous decisions of the court:

"No doubt the appellant could have stipulated. that
the time of the fire should be looked to as the event from
the happening of which the limitation should run, but
it would require distinct language to show that such was
the intention of the parties. It is not used here."

In *Rottier v. German Ins. Co.*, 84 Minn. 116. 86 N.
W. 888, it was held that a provision in the Minnesota
standard policy that no suit to recover for loss under the
policy should be sustained unless commenced within two
years from the time the loss occurred, as a limitation,
applied to and ran from the time of fire or actual de-
struction of the property, and not from the time when
the cause of action accrued. The earlier opinion of the
court in *Chandler v. St. Paul F. & M. Ins. Co.*, 21 Minn.
85, 18 Am. Rep. 385. was shown to have been rested upon
the peculiar language of the policy, making construction
permissible. In *State Ins. Co. v. Meesman*, 2 Wash. 459,
27 Pac. 77, 26 Am. St. Rep. 870, in an able opinion, it is
said that where a policy of fire insurance provides that
no action upon the policy "shall be sustained unless com-
menced within six months after the fire," action cannot
be brought on the policy after the lapse of six months
and three days after the fire, even though the policy also
provides that no action shall be begun until certain ex-
aminations have been made, and same were not made
or waived by the company until 13 days after the fire.
In *Travelers' Ins. Co. v. California Ins. Co.*, 1 N. D. 151,
45 N. W. 703, 8 L. R. A. 769, it was held that where a
policy of fire insurance provides that action thereon must
be brought within a specified time after the loss occurs,
the limitation runs from the date of the fire, although,

under other provisions of the policy, the cause of action did not accrue until some time after the fire. In *Bradley v. Phoenix Ins. Co.*, 28 Mo. App. 7, one of the conditions of the policy of insurance sued on was—

"that no suit or action against the company should be sustainable * * * unless such suit or action should be commenced within six months next after the loss should occur."

The action was not commenced within the prescribed time, and it was held that the period of limitation began to run from the date of the loss by fire, and not from the date of the furnishing of proofs of loss. In *Johnson v. Humboldt Ins. Co.*, 91 Ill. 92, 33 Am. Rep. 47, where a policy of insurance provided that no action should be brought thereon until an award was made fixing the amount of the claim, and no recovery had unless the suit or action should be commenced within 12 months next after the loss should occur, it was held that the suit to recover for a loss must be brought within 12 months after the destruction of the property by fire, and not within 12 months after an award fixing the amount of the loss. In *Chambers v. Atlas Ins. Co.*, 51 Conn. 17, 50 Am. Rep. 1, the policy of insurance provided that payment for losses should be due in 60 days after proofs of the loss were received by the company. and that no suit on the policy should be sustainable unless brought within 12 months after the loss occurred. It was held that the 12 months should be reckoned from the day of the fire, and not from the expiration of the 60 days after the proofs were delivered to the company. In *Egan v. Oakland Home Ins. Co.*, 29 Or. 403, 42 Pac. 990, 54 Am. St. Rep. 798, it was held that the statute of limitations commenced to run, in that case, from the time of the fire,

and not from the time right to sue accrued. The opinion is an able one. and reviews many of the leading authorities supporting the two lines of decisions. Another well-considered case is that of *Hart v. Citizens' Ins. Co.*, 86 Wis. 77, 56 N. W. 332, 21 L. R. A. 743, 39 Am. St. Rep. 877, where it was said that a provision that a suit on a policy must be brought within "twelve months after the fire" requires the time to be computed from the date of the fire, and not from the time the loss is ascertained and established. To the same effect are the decisions of the Supreme Court of Kansas in *McElroy v. Continental Ins. Co.*. 48 Kan. 200, 29 Pac. 478, and *State Ins. Co. v. Stoffels*, 48 Kan. 205, 29 Pac. 479. In *McFarland v. Railway Officials, etc., Ass'n*, 5 Wyo. 126, 38 Pac. 347, 677, 27 L. R. A. 48, 63 Am. St. Rep. 29, the decisions are reviewed at length, and the conclusion reached that the limitation in a policy of insurance against death resulting from an accident, indicated by a clause that an action thereon must be brought "within one year from the date of the happening of the alleged injury," begins to run at the death of the insured, and not at the time at which the right of action under the policy accrues. In *Appel v. Cooper Ins. Co.*, 76 Ohio St. 52. 80 N. E. 955, 10 L. R. A. (N. S.) 674, 10 Ann. Cas. 821, it was held that a provision in a policy of fire insurance that "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within six months next after the fire," was unambiguous and, in a suit on the policy commenced more than six months after the date of the fire, will be enforced in accordance with the

plain meaning of its terms. where no extrinsic facts are alleged excusing delay in bringing the suit. It was said:

"Where a policy of fire insurance contains the provision that no suit or action shall be sustained thereon unless commenced within six months next after the fire, the period of limitation begins * * * from the date of the fire, notwithstanding the policy also contains the provision 'that the loss shall not be payable until 60 days after the proofs of loss have been received by the company.'"

Other cases announcing the rule adopting this view are *Virginia F. & M. Ins. Co. v. Wells,* 83 Va. 736, 3 S. E. 349; *Tasker v. Ins. Co.,* 58 N. H. 469; *Daly v. Concordia F. Ins. Co.,* 16 Colo. App. 349, 65 Pac. 416; *Glass v. Walker. Assignee,* 66 Mo. 32; *Tebbets v. Fidelity & C. Co..* 155 Cal. 137, 99 Pac. 501; *Maxwell Bros. v. L. & L. & G. Ins. Co.,* 12 Ga. App. 127, 76 S. E. 1036; *Kettenring v. Nothwestern, etc., Ass'n* (C. C.) 96 Fed. 177; *Semmes, Adm'r, v. City Fire Ins. Co.,* 13 Wall. (80 U. S.) 158, 20 L. Ed. 490; *Peoria, etc.. Co. v. Canada Ins. Co.,* 12 Ont. App. 418; *Blair v. Sovereign Ins. Co..* 19 N. S. 372. This rule is also supported by Richards on Insurance, section 329; Joyce on Insurance, section 3190; Ostrander on Fire Insurance, section 408.

Authorities holding that the statute of limitations begins to run from the time that the cause of action accrues under the policy are *Ellis v. Council Bluffs Ins. Co.,* 64 Iowa, 507, 20 N. W. 782; *Boston Mar. Ins. Co. v. Scales,* 101 Tenn. 628, 49 S. W. 743; *Case v. Sun Ins. Co.,* 83 Cal. 473, 23 Pac. 534, 8 L. R. A. 48; *Sample v. London & L. & G. F. Ins. Co.,* 46 S. C. 491, 24 S. E. 334, 48 L. R. A. 696, 713, 57 Am. St. Rep. 701; *German Ins. Co. v. Davis,* 40 Neb. 700, 59 N. W. 698; *Hong Sling v. Royal Ins. Co.,* 8 Utah, 135, 30 Pac. 307; *Murdock v. Frankli*

*Ins. Co.,* 33 W. Va. 407, 10 S. E. 777, 7 L. R. A. 572; *Chandler v. St. Paul F. & M. Ins. Co.,* 21 Minn. 85, 18 Am. Rep. 385; *Sun Ins. Co. v. Jones,* 54 Ark. 376, 15 S. W. 1034; *Allibone v. Fidelity & C. Co.* (Tex. Civ. App.) 32 S. W. 569; *Spare v. Ins. Co.* (C. C.) 17 Fed. 568; *Friezen v. Allemenia F. Ins. Co.* (C. C.) 30 Fed. 352; *Vette v. Clinton F. Ins. Co..* (C. C.) 30 Fed. 668; *Steel v. Phenix Ins. Co.,* 51 Fed. 715, 2 C. C. A. 463; *New York v. Hamilton F. Ins. Co..* 39 N. Y. 45, 100 Am. Dec. 400; *Hay v. Star F. Ins. Co.,* 77 N. Y. 235, 33 Am. Rep. 607; *Steen v. Niagara F. Ins. Co..* 89 N. Y. 315, 42 Am. Rep. 297. Not all of these cases, however, decide the precise question of limitation here presented. Some of them pertain to the construction of doubtful provisions of the policies, thereby furnishing occasion for a construction favorable to the insured. The early New York, Minnesota, and California cases can no longer, in view of the more recent expressions of the courts of those states, be said to be authority for the claim of the plaintiffs in error. Plaintiffs not having brought their action within the time fixed by statute, and such fact appearing upon the face of the amended petition, the court properly sustained the demurrer of the defendant.

The judgment is affirmed.

All the Justices concur.