## WEVER *et al.* v. COMMERCIAL UNION ASSUR. CO., Ltd., OF LONDON.

No. 3757.    Opinion Filed December 14, 1915.

(153 Pac. 1150.)

**ACTION ON FIRE POLICY.**    See case of **W. F. Wever and Tom Hale, as Agent of W. F. Wever, v. Pioneer Fire Insurance Co., ante, p. 546. 153 Pac. 1146, this day decided.**

(Syllabus by the Court.)

*Error from County Court, Coal County;*

*R. H. Wells, Judge.*

Action by W. F. Wever and another against the Commercial Union Assurance Company, Limited, of London. Judgment for defendant, and plaintiffs bring error. Affirmed.

*William H. Fuller, George M. Porter,* and *C. E. B. Cutler,* for plaintiffs in error.

*Scothorn, Caldwell & McRill,* for defendant in error.

SHARP, J.    Plaintiffs' action is to recover on a policy of fire insurance, issued by the Commercial Union Assurance Company, Limited, of London, which is in the standard form prescribed by sections 3481, 3482, Rev. Laws 1910. The policy was issued October 7, 1909, and the property insured was destroyed by fire on the 5th day of April, 1910. The action to recover on the policy was filed July 29, 1911, in the county court of Coal county. Later a demurrer was sustained, both to plaintiffs' original and amended petitions, on the ground that the action had not been brought within the time fixed in the statutory form of policy, providing:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It is to review the action of the court in sustaining the demurrer that this appeal has been prosecuted. The question of law presented is the same as that in case of *Wever et al. v. Pioneer Fire Insurance Co., ante,* p. 546, 153 Pac. 1146, this day decided, and in which it was held that the foregoing provision of the prescribed form of policy was unambiguous, and in an action on the policy commenced more than 12 months after the date of the fire would be enforced in accordance with the plain meaning of its terms, where no extrinsic facts were alleged excusing delay in instituting the action; that where a standard form of policy of fire insurance contains a provision that no suit or action shall be sustainable in any court of law or equity, unless commenced within "twelve months next after the fire," the period of limitation begins to run from the date of the fire, notwithstanding the policy also contains the provision that:

"The loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

It is unnecessary, in that the legal questions presented are the same, to repeat here what was said in our former opinion. On the authority of that case, and for the reasons therein stated, the judgment of the trial court is affirmed.

All the Justices concur.