THE STATE INSURANCE COMPANY OF DES MOINES, IOWA, v. E. STOFFELS.

1. INSURANCE POLICY — *Conditions* — *Limiting Time of Bringing Action.* A stipulation in a policy of insurance limiting the time within which suit may be commenced thereon is binding on the policy-holder; and where the provision in the policy is, that "no action shall be sustained thereon unless commenced within six months next after the fire," the limitation shall commence to run from the date of the fire, and not from the expiration of the period within which the company may pay the loss.

2. SUMMONS, *Setting Aside — Effect.* Where, on a policy containing such a limitation as above, suit is begun in time by the filing of a petition and *præcipe*, and the issuance and service of a summons, which summons and the service thereof are, on motion, set aside by the court, and afterward, and after the limitation has run, a new summons is issued and served, the action is too late, and cannot be sustained.

*Error from Coffey District Court.*

ACTION on an insurance policy. Judgment for plaintiff, *Stoffels*, at the November term, 1888. The defendant *Company* comes to this court. The opinion states the material facts.

*Redmond & Junkins*, for plaintiff in error.

*G. E. Manchester*, for defendant in error.

Opinion by STRANG, C.: The plaintiff below began an action in the district court of Coffey county to recover the amount of an insurance policy issued by the said insurance company, whereby it agreed to indemnify the said plaintiff against loss or damage by fire on two frame buildings in the city of Burlington, Coffey county, Kansas, to the amount of $700. The jury trying the case returned a verdict against the company in the sum of $650, and also returned answers to certain special questions submitted to them, as follows:

"Ques. 1. What was the date of the fire which burned the building insured in the insurance policy in this case? Ans. November 23, 1887.

"Q. 2. At what time did the plaintiff furnish to the defendant the proof of loss as required by the conditions of said policy? A. December 5, 1887.

"Q. 3. What was the date of the summons that was served upon said defendant in this case? A. August 2, 1888.

"Q. 4. Was anything said, done, or written by the defendant to plaintiff or to Casper Stoffels, waiving the conditions of said insurance policy as to the proof of loss? A. Yes.

"Q. 4½. If you answer 'yes,' state fully what it was so said, done, or written. A. The statement written by Mr. Black, an agent for said insurance company, and signed by Casper Stoffels, as agent for plaintiff, which was a complete statement of

the condition of affairs, and accepted by Mr. Black, and no demand for further proof, we hold was a waiver of any further proof of loss on part of plaintiff.

"Q. 5. What was the actual value at the time of said fire of the one-story frame building with $1\frac{1}{2}$-story addition in the rear thereof, situated on the east side of the east half of lot 10, block 40, city of Burlington, and insured in said policy? A. Five hundred and fifty dollars ($550).

"Q. 6. What was the actual value at the time of said fire of the one-story addition on the west side of said building, referred to in last interrogatory above. A. Two hundred and fifty dollars ($250).

"Q. 7. How much of said last-described building was situated on the west half of said lot 10, in block 40, in said city of Burlington, Kas.? A. Two feet and five inches.

"Q. 8. What was the value at the time of said fire of the part of said omnibus buildings situated on the west half of lot 10, block 40, in said city of Burlington, Kas.? A. Fifteen dollars ($15).

"Q. 9. Did Black, the agent of said defendant, on the 5th day of December, 1887, at Burlington, Kas., say to Casper Stoffels, as the agent of the plaintiff, that he would not admit or deny the liability of the company, but that the company would require the assured to comply with all the terms and conditions of said insurance policy, or words to that effect? A. No.

"Q. 10. What (if anything) was said or done by said defendant, or its agent, after the 5th day of December, 1887, in reference to said insurance, before the commencement of this suit? A. Nothing."

A motion for a new trial was overruled, and judgment entered on said verdict for the amount thereof. The company brings the case to this court, and alleges:

"1. That the action was not commenced in time, under the limitation clause in the petition; and

"2. That no proof of loss was made within the period required by the policy."

There are also some other questions raised in the case. Was the action begun in time? The policy sued on in this case contains the following provision:

"That no suit or action against the company for the recov-

ery of any claim, under or by virtue of this policy, shall be sustained in any court of law or equity, unless commenced within the term of six months next after the fire shall have occurred; and in case such suit or action shall be commenced against the company after the end of six months next after the fire or damage shall have occurred, the lapse of time shall be taken and admitted as conclusive evidence against the validity of the claim attempted to be enforced, any statute of limitation to the contrary notwithstanding."

The property insured in the policy sued on was destroyed November 23, 1887. The summons in the case was issued on the 2d day of August, 1888, and served on the 3d, more than eight months after the fire. If the limitation in the policy is to be made effective from the date of the fire, the action is too late, unless saved by the commencement of a prior action. The language of the limitation clause is not ambiguous, but is so definite and distinct as to admit of no construction save a literal one. It says no action shall be sustained unless commenced within the term of six months next after the fire shall have occurred. It is admitted in this case that the limitation in the policy is binding on the parties, and that it eliminates all statutes of limitation. This language of the policy sued on differs from the language of those policies in which the limitation takes effect from the time when the "action accrues" or the "loss accrues," or which use some other more general and less definite language, which must be construed by the courts. The language in this policy needs no construction, and in fact admits of none. But this very question has just been decided by this court in the case of *McElroy v. Insurance Co.*, ante, p. 200; same case, 29 Pac. Rep. 478. In that case the court holds that, under a policy containing a clause like the one in the policy sued on, except as to the period of limitation, the suit must be brought within the stipulated period of limitation, or it will be too late. The period of limitation was "12 months next ensuing after the fire," and the court said it took effect from the date of the fire, and not from the date of the expiration of the period the company had in which to pay the loss. Mr. Commissioner SIMPSON, who prepared the opinion

of the court in that case, cited authorities sustaining the opinion of the court upon that ques tion.   In addition to the authorities there cited, the following cases are here presented as sustaining that view:  *Meesman v. Insurance Co.*, Supreme Court of Washington, 27 Pac. Rep. 77;  *Insurance Co. v. Barr*; 94 Pa. St. 345;  *Insurance Co. v. Weiss*, 106 id. 20;  *Fullam v Insurance Co.*, 66 Am. Dec. 462;  same case, 7 Gray, 61.

It is claimed in this case that the action was begun in time, under any construction of the limitation clause in the policy, because the record shows an action was commenced on the policy sued on herein on the 7th of May after the fire, which was within time.   The record shows the filing of a petition, the issuance and service of a summons on the 7th of May, 1888, between the same parties; but it also shows that, on motion of the defendant company, the summons and the service thereof were set aside by the court, and, so far as this court knows, without any objection or exception on the part of the plaintiff below.   There having been no objection to the action of the court below in setting aside said summons and service, and no exception thereto, and no appeal having been taken from the order of the court therein, the judgment of the court thus expressed settled the law of that case, and the plaintiff in error cannot now question it.   After the summons and service thereof were set aside by the court below, there was nothing left in that court except the petition and *præcipe;* and the case stood then as though there never had been anything done therein except to file a petition and *præcipe;* and it will not be pretended that the mere filing of a petition and *præcipe* constitutes the commencement of an action.   As bearing upon this proposition, we cite *McElroy v. Insurance Co.*, supra, and cases there cited, upon the question of the commencement of a new or second action, and also the following:  *O'Laughlin v. Insurance Co.*, 3 McCrary's Rep. 545.   The case, not having been commenced in time, under our view of the law, cannot be maintained.   It is therefore unnecessary to examine the question relating to proof of loss, or the other questions relating to the admission of testimony.

It is recommended that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.