FIREMAN'S FUND INSURANCE COMPANY OF CALIFOR-
NIA v. JOHN A. BUCKSTAFF.

FILED OCTOBER 24, 1893.    No. 4147.

1. **Insurance**: PROVISION OF POLICY LIMITING TIME TO COM-
MENCE ACTION. An insurance policy contained a condition that
no action thereon should be maintained unless brought within
six months after the occurrence of the fire, and by another
clause it was stipulated that the loss should not become payable
until sixty days after the proofs of loss are received by the com-
pany. *Held*, That a suit upon the policy may be brought within
six months from the expiration of the sixty days.

2. **Sufficiency of Evidence.** *Held*, That the evidence is suffi-
cient to sustain the judgment.

ERROR from the district court of Lancaster county.
Tried below before CHAPMAN, J.

*Harwood, Ames & Kelly*, for plaintiff in error.

*Chas. O. Whedon*, contra:

The clause in the policy limiting the time to six months
from date of fire within which suit should be commenced
is not binding under the facts disclosed by the record.    By
the terms of the policy the loss was not payable until sixty
days after the proofs of loss were received at Chicago, and
as such proofs were not received until November 1, after
the fire, the company was not bound to pay until after the
expiration of the sixty days, and an action commenced be-
fore January 1 would have been prematurely brought, and
the assured had until July in which to commence action.
The action was commenced May 4, and was within the
time limited by the policy. (2 Wood, Fire Insurance,
sec. 436 ; *Mayor of New York v. Hamilton Fire Ins. Co.*,
39 N. Y., 45.)

Norval, J.

This record presents one question not raised, nor considered in the cases of the *German-American Ins. Co. v. Buckstaff*, 38 Neb., 135, and *Liverpool & London & Globe Ins. Co. v. Buckstaff*, 38 Neb., 146, and that is, whether the action is barred by the terms of the policy. One of the stipulations in the policy is as follows:

"It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or chancery  *  *  * unless such suit or action shall be commenced within six months after the occurrence of the fire by reason of which the claim for loss or damage is made; and should any suit or action be commenced against this company after the expiration of the aforesaid six months, lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding."

The policy also provides that the loss is not payable until sixty days after the proofs of loss have been received by the company at its office in Chicago, Illinois. It appears that such proofs were furnished November 3, 1887; that the fire occurred on the 21st day of October of the same year, and this action was begun on the 4th day of May, 1888.

When did the period of limitation commence to run? The identical question was before the court in *German Ins. Co. v. Fairbank*, 32 Neb., 750. It was there held that the limitation commenced to run from the time the loss is due and payable. Following that case, and the numerous authorities cited in the opinion, we must hold that the plaintiff's cause of action did not accrue until the expiration of sixty days after the proofs of loss were received by the company, and the action having been instituted within six

months after the expiration of this sixty days, the suit was not barred.

This case was decided in the district court upon the evidence adduced on the trial of the German-American Insurance Company against this defendant in error, and upon which the decision was based in the Liverpool & London & Globe Insurance Company case. For the reasons stated in the opinion filed herewith in the latter case, the same judgment will be entered in this.

JUDGMENT AFFIRMED.