SAMPLE v. THE LONDON AND LANCASHIRE FIRE INSURANCE CO.

1. INSURANCE POLICY—ACTION—LIMITATION.—The clause in the policy of insurance in this case, requiring that the action for loss shall be brought within twelve months next after the fire, construed, in connection with other clauses in the policy, to mean within twelve months after the accrual of the right of action.

2. WAIVER.—The question of waiver is not material in this case, and is not adjudicated.

3. LIMITATIONS—20 STAT., P. 1042.—The act of December 16, 1891, 20 Stat., p. 1042, allowing six years in which to bring action on insurance policy, does not apply to a contract made in April, 1891.

Before EARLE, J., Edgefield, March, 1895.    Affirmed.

Action by Mrs. E. B. Sample against The London and Lancashire Fire Insurance Company, of Liverpool, England, commenced July 5, 1892. Judgment for plaintiff. Defendant appeals.

*Messrs. Shepherd Bros.*, for appellant.

*Mr. J. Wm. Thurmond*, contra.

March 28, 1896. The opinion of the Court was delivered by

Mr. Justice Jones. On the 6th day of April, 1891, the defendant company issued to the plaintiff, Mrs. Sample, a fire insurance policy on her dwelling house in Edgefield County. The policy contained a provision that "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." The requirements to be complied with included the filing of proofs of loss within sixty days after the fire. The policy also provided that "The loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required, have been received by this company, including an award by appraisers when appraisal has been required." The property insured was destroyed by fire on the 23d day of April, 1891. Due proof of loss was received by the company on the 14th day of June, 1891. "On Monday after the third Sabbath in August," following, the adjuster of the defendant company offered to pay the plaintiff ten or fifteen dollars in settlement of her claim under the policy, which she declined, wherefore the adjuster "refused to pay the loss." Suit on the policy was commenced July 5th, 1892, more than twelve months after the fire, but within twelve months after the accrual of the right of action under the policy. This cause was first tried at Edgefield, before Judge Hudson and a jury, November, 1893, and he directed a verdict in favor of the defendant company, ruling that the action could not be maintained, the plaintiff having admitted at the trial, "that it was stipulated in the policy that no liability should attach to the insurance company under its policy so issued unless action was brought within

twelve months after the date of the fire, and that the fire occurred in April 1891, and the action was commenced on 5th July, 1892." 'On appeal, this Court ordered a new trial, holding that the Circuit Court erred in directing a verdict. The cause came on again for trial March, 1895, and resulted in a verdict for the plaintiff for $306.80, for which judgment was duly entered. At the close of the testimony in behalf of the plaintiff, the defendant's counsel moved for a nonsuit on the ground "that the suit was not brought within twelve months next after the fire." The motion for nonsuit was overruled, and defendant now excepts thereto.

The presiding Judge charged the jury, "That all the conditions of the policy must be considered together as one contract, and that one year does not mean one year from the fire, but one year (twelve months) from the time that plaintiff had the right to bring this action." Defendant excepts to the charge as error. The presiding Judge further charged the jury, "That even if the insurance company had the right to stand upon that limitation (and that if) strictly considered, it meant one year from the. date of the fire, yet if an adjuster was sent down, who entered into negotiations with the plaintiff looking to a settlement of that loss, long after that time, to wit: some time the latter part of August, then it amounts to waiver, by conduct of the right of the insurance company to stand strictly upon its contract," to which charge the defendant excepts.

The decisive point of the controversy in this case is, whether the twelve months limitation for suit, under the policy, commences to run from the time of the fire or at the expiration of sixty days after the filing of the proof of loss. On this point there is great conflict of authorities, and an attempt to reconcile them is hopeless. After very careful examination and consideration of the question, in the light of the many decided cases from the courts bearing thereon, this Court concurs with the Circuit Court in its construction of the policy of insur-

ance, and holds that the action, having been begun within twelve months from the expiration of the sixty days after the filing of the proofs of loss with the company, is sustainable as within the time contemplated by the parties to the contract. Standing alone, the stipulation that "suit shall not be sustainable unless commenced within twelve months next after the fire," is clear, definite, and unambiguous, but it is coupled with the further provision that suit should not be sustainable "until after full compliance with all the foregoing requirements." These requirements are numerous, and when technical compliance is insisted upon by the company, considerable time may be consumed in meeting them. Then there is the further stipulation that, "the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proofs of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required. By this provision the company is exempt from suit for sixty days in any event, and for as much longer time as may be required to make satisfactory proof of loss and secure an award from appraisers if required. No award was required in this case, but, under the policy, it may have been. Time would necessarily be consumed in securing the appointment, action, and award of appraisers. Proofs of loss may be delivered to the company within the sixty days required by the policy, but there may be delay in making the proofs conform strictly with the many requirements of the policy, and the proofs may not be satisfactory to the company until after much correspondence and amendment. Plans and specifications, in the case of a building destroyed, must be furnished, if required. The insured, if required, must furnish a certificate of the magistrate or notary public living nearest the place of the fire, stating that he has examined the circumstances, and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify. It is quite possible, without fault of the insured, and when the doc-

trines of waiver and estoppel cannot be invoked against the insurer in an honest effort to make satisfactory proofs of an honest loss, that twelve months may expire before full compliance by the insured with all the requirements of the policy. Under an iron-bound rule of construction, that suit on such a policy must be brought within twelve months after the fire, the claim might be barred before it accrued. Such a construction, therefore, leads to absurdity. There is inconsistency between the clause of the policy compelling the insured to sue within a given time, and the clauses exempting the insurer from suit for an indefinite period within that time. Ordinarily, the right to sue within a certain time, means that the right may be asserted on any day of that time. Both parties must have intended that the insured should have a reasonable time in which to assert his right after the accrual of his right, and that time was fixed at twelve months. If the question had arisen under a statute of limitation, the rule undoubtedly would be, that the time commenced to run on the accrual of the cause of action. It seems that it is not an unreasonable construction to say, that the parties of this contract, by the special limitation therein agreed upon, meant to allow the stipulated time after the accrual of the right of action. It is a well settled rule of construction of contracts of insurance, that their provisions should be strictly construed against the insurer, and liberally construed in favor of the insured. In *Kratzenstine* v. *Assurance Co.*, 116 N. Y., 54, the Court said: "Where an insurance contract is so drawn that it is manifestly ambiguous, so that reasonable and intelligent men, on reading it, would honestly differ as to its meaning, the doubt should be resolved against the company, because it prepared and executed the agreement, and is responsible for the language used and the uncertainty thereby created." Mr. Justice Harlan, in *Monlar* v. *Am. Ins. Co.*, 111 U. S., 335, said: "The doubt as to the intention of the parties must, according to the settled doctrines of the law of insurance, recognized in all adjudged cases, be resolved against the

party whose language it becomes necessary to interpret."
Unquestionably, it is true that "reasonable and intelligent
men" not only may differ, but have differed, as to the true
construction of such a policy. Numerous and learned courts,
construing such a policy, have held that the limitation
commences to run from the time of the fire. See *Virginia
Fire & Marine Ins. Co.* v. *Wells,* 3 S. E. Rep., 349; 83 Va.,
736; *Hart* v. *Citizen's Ins. Co.,* 86 Wis., 77; *Johnson* v.
*Humbolt Ins. Co.,* 91 Ill., 92; *Chamber* v. *Atlas Ins. Co.,*
51 Conn., 17; *Tasker* v. *Ins. Co.,* 58 N. H., 469; *Farmers'
Mutual Ins. Co.* v. *Barr,* 94 Pa. St., 345; also, 106 Pa. St.,
20; 130 Pa. St., 170; *King* v. *Watertown Ins. Co.,* 47 Hun,
1; *Schroder* v. *Keystone Ins. Co.,* 2 Phila., 286; *Travelers'
Ins. Co.* v. *California Ins. Co.,* 1 N. D., 151; 45 N. W.
Rep.; *Bradley* v. *Phœnix Ins. Co.,* 28 Ins. Ap., 14; *Glass* v.
*Walker,* 66 Mo., 32; *McElroy* v. *Continental Ins. Co.,* 48
Kan., 200; also, *State Ins. Co.* v. *Staffods,* 48 Kan., 205;
*Meesman* v. *State Ins. Co.,* 2 Wash., 459; *Fullam* v. *New
York Union Ins. Co.,* 7 Gray, 61. This is a formidable array
of authorities supporting appellant's contention. But, on the
other hand, supporting the view of this Court, there is equal,
if not greater, authority. Indeed, the Court, in 28 Mo. Ap.,
16, following 66 Mo. Ap., 32, and in *Travelers' Ins. Co.* v.
*California,* 45 N. W. Rep., 704, *supra,* cases greatly relied
upon by appellant, concedes that the weight of authority is
in support of the view announced by this Court. In *Trav-
elers' Ins. Co. v. California Ins. Co., supra,* the Court said:
"It is undoubtedly true, that a majority of the adjudications
so interpret these limitations as to allow the full time to
sue after the right of action has accrued, although more
than the limited time has elapsed since the loss occurred."
Wood on Ins., § 469, states as follows: "When a policy
stipulates that no action shall be brought unless commenced
within a certain time after loss or damage shall accrue, and
there is a provision in the policy that the company will pay
in thirty, sixty, ninety or any other number of days after
proofs of loss have been received, the limitation does not

attach until after the period in which the company has in which to pay the loss has expired." In May on Ins., § 479, it is stated that "generally the limitation will be construed to run from the time when the loss becomes due and payable rather than from the time when the loss actually occurs. * * * Where the loss is not payable until sixty days after proof of loss, and no action can be begun until an award has fixed the amount of the damages, nor after six months from the loss, the limitation of suit does not begin to run from loss, but from the time the right of action accrued." See, also, Bacon on Ben. Soc., 446. So that the text writers sustain our view. A distinction is attempted to be made in some cases to the effect that if the policy provides that suit must be commenced within twelve months "after the fire," the time begins to run from the time of the fire; whereas, if the policy provides that the suit must be commenced within twelve months "after the loss occurs" or "after the loss or damage accrues," the time begins to run from the accrual of the right of action. But this distinction does not seem to be a sound one, since the loss or damage insured against by a fire insurance policy must occur or accrue, if at all, at the time of the fire. The loss or damage must necessarily precede the proofs of loss. So far as we have ascertained, the Federal Courts hold the rule of construction to be as herein announced. See *Spare* v. *Home Mutual Ins. Co.*, 17 Fed., 568; *Vette* v. *Clinton Fire Ins. Co.*, 30 Fed., 668; *Friezen* v. *Allemania Fire Ins. Co.*, 30 Fed., 352; *Steele* v. *Phœnix Ins. Co.*, 2 C. C. A., 463, overruling 47 Fed. Rep., 863. The following cases from State Courts support the same view: *Murdoch* v. *Franklin Ins. Co.*, 33 W. Va., 407; also, 16 W. Va., 658; *Ellis* v. *Council Bluffs Ins. Co.*, 64 Iowa, 507; also, 65 Iowa, 308; 70 Iowa, 704; 71 Iowa, 615; 81 Iowa, 135; *Mayor of New York* v. *Hamilton &c. Ins. Co.*, 39 N. Y., 45; *Hay* v. *Starr Fire Ins. Co.*, 77 N. Y., 235; *Steen* v. *Niagara Fire Ins. Co.*, 89 N. Y., 315; *Chandler* v. *St. Paul Ins. Co.*, 21 Minn., 85; *Sun Mutual Ins. Co.* v. *Jones*, 54 Ark., 376; *Case* v. *Sun*

32—46

*Ins. Co.*, 83 Cal., 473; *Fireman's Fund Ins. Co.* v. *Buckstaff*, 56 N. W. Rep., 697; *German Ins. Co.* v. *Fairbank*, 32 Neb., 750; *Hong Sling* v. *Royal Ins. Co.* (Utah), 30 Pac. Rep., 307. Construing, therefore, the policy as a whole, and placing on clauses capable of two constructions the interpretation most favorable to the insured, we are constrained to hold that the parties to this contract of insurance contemplated that the insured should have twelve months in which to sue after the accrual of the right of action. The action was brought in time, and there was no error in the refusal of the motion for nonsuit, and in the charge of the Circuit Judge on this point.

Having reached this conclusion, it is unnecessary to consider whether there was error in the charge of the trial Judge in the matter of waiver, since, if the action was brought in time under the terms of the policy, there was no need and no room for the application of the doctrine of waiver; and if there was any error in the charge on this point, it was entirely harmless.

Nor need we pass upon the question raised by respondent to sustain the judgment below, viz: that the act entitled "An act relating to the time for commencing actions on policies of insurance in this State," approved December 16th, 1891, allows six years in which to bring actions on policies, notwithstanding stipulations therein to the contrary. It will be noted that the contract of insurance under consideration was made April, 1891, and the loss thereunder was sustained April, 1891, before the passage of this act. At the time when this contract was made, it was unquestionably lawful for the parties to stipulate when suits should be brought. Wood on Ins., sec. 460; May on Ins., sec. 478; *Riddlebarger* v. *Hartford Ins. Co.*, 7 Wall, 386.

The judgment of the Circuit Court is affirmed.