DOLSEN v. PHŒNIX PREFERRED ACCIDENT INSURANCE CO.

1. LIFE INSURANCE—ACTION ON POLICY — PAYMENT OF PREMIUMS —EVIDENCE—SUFFICIENCY.

In an action on a life-insurance policy a letter of defendant's manager stating that "the premiums on the policy were paid under certain conditions" is sufficient prima facie evidence that the premiums necessary to renew the life of the policy were paid.

2. SAME—LIMITATION OF ACTION—WAIVER.

A letter from the general counsel of an insurance company, to whom plaintiff was referred, asking further time for investigation, in the absence of further communication, waives the contract limitation as to the time of bringing suit.

3. SAME — EVIDENCE — ADMISSIBILITY — OBJECTION NOT MADE BELOW.

An objection that the court erred in admitting certain evidence for the purpose of showing a waiver because the waiver was not pleaded, not being made in the trial court, will not be considered here.

4. SAME — DIRECTION OF VERDICT — PROPRIETY — ATTITUDE OF COUNSEL.

Where the evidence presents a question for the jury whether death occurred in such a manner as to limit recovery to 10 per cent. of the face of the policy as stipulated therein, but counsel for both parties insist that the court shall direct a verdict in their favor, and both agree that the court shall treat the question as one of law, defendant cannot complain that the court directed a verdict for plaintiff for the full amount of the policy, instead of submitting the question to the jury.

5. APPEAL AND ERROR—RECORD—RECITALS—PRESUMPTIONS.

A statement by the court that both parties desired the question at issue disposed of as a question at law, if incorrect, should have been corrected at once by counsel if review of the question was desired in this court.

Error to Bay; Collins, J.   Submitted January 16, 1908. (Docket No. 73.)   Decided February 15, 1908.

Assumpsit by Mordred C. Dolsen against the Phœnix Preferred Accident Insurance Company on a policy of insurance. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*Abbott & Abbott,* for appellant.

*Lee E. Joslyn,* for appellee.

BLAIR, J. Action on an insurance policy to recover the sum of $300 alleged to be due to the plaintiff, in accordance with the terms thereof, in consequence of the death of Lee Dolsen by drowning on the 15th day of July, 1906. The declaration was filed as commencement of suit, March 23, 1907. Plea was filed March 27, 1907, with notice, (1) of the contract limitation of the right to bring suit to three months "after the time when right of action may accrue or liability is denied by the company;" (2) that liability could not exceed one-tenth of the indemnity provided, because Lee Dolsen came to his death "through and from unnecessary, voluntary or involuntary exposure to danger and by and through his own gross negligence." At the conclusion of the proofs, the court directed a verdict for the plaintiff and defendant brings the record to this court for review on writ of error presenting four points for our consideration, which we will consider in their order.

1. Plaintiff failed to prove that the policy was in force at the time of Dolsen's death, because there was no proof of the payment of the monthly premiums necessary to renew its life, and verdict should have been directed for defendant. The letter of district manager and adjuster Jordan stating that, "The premiums on the policy were paid under certain conditions," etc., was prima facie evidence at least of the payment of the premiums.

2. Plaintiff's cause of action was outlawed.

The following provisions were indorsed upon the policy:

*"Fifteenth.* (*a*) No action at law nor arbitration pro-

ceedings for recovery hereunder, shall be brought or instituted until after three months from date of filing final proofs at home office of the company in Detroit, Michigan, nor brought or instituted at all unless commenced within three months after the time when right of action may accrue, or liability is denied by the company.

" (*j*) If at any time any question or difference shall arise between this company and the assured, or his beneficiary, their representative, heirs or assigns, respecting the validity of any claim, adjustment of any loss or auditing of any claim, under this contract, it shall be submitted to a commission of arbitration, consisting of three registered physicians in good standing, to consist of the company's physician, to be paid for by the company; the claimant's physician, to be paid for by the claimant; and a third physician to be selected by these two, and to be paid for by the company and the claimant jointly, unless the right to said arbitration is expressly waived in writing by the company. The decision of said commission of arbitration shall in all cases be final. This agreement to arbitrate shall be and is a condition precedent to any suit or proceedings at law, and no suit or proceedings at law shall be maintained except to enforce the award of such commission of arbitration, unless the right to arbitrate is expressly waived, in writing, by the company."

Proofs of death were filed August 7, 1906.

Defendant's counsel argue that, " Liability under the claim sued upon was denied as early as August 27, 1906, when the compromise offer ( Exhibit 1 ) was sent to plaintiff," and that the time within which suit could be commenced began to run November 7, 1906, and expired February 7, 1907.

Exhibit 1 is a check for $30 payable to the order of plaintiff, upon which there was an indorsement that, if used, it should constitute a compromise settlement. This check was sent forward by Jordan, and is referred to in the letter above mentioned. Instead of being a denial of all liability, the letter was an admission of liability under the 13th clause of the policy, which limited the company's liability to one-tenth of the amount otherwise payable, in the event of death resulting "from

unnecessary exposure to obvious risk of injury or obvious danger." The check was refused and returned to the company, plaintiff insisting upon his right to the full amount of the policy, and thereupon the provision as to arbitration became applicable. Plaintiff's counsel wrote to defendant September 10, 1906:

"I note clause 14 on the back of the policy, but I am not inclined to the belief that it is a part of the policy as I find nowhere anything which recites that it is made a part of the policy. However, I wish to inquire whether we are to treat your allowance of the claim at only $30 as a waiver of the arbitration clause contained in said paragraph fourteen? If not and you desire arbitration, please advise me by return mail, and if I can bring myself to the idea that clause fourteen is binding and that you are entitled to arbitration and that you have not waived it by allowing the claim at less than the amount proven, I will advise you of our position and name our physician in accordance with the terms of said section. If we must arbitrate the claim, we wish to proceed promptly and without delay, as the matter has now been held up for some time."

Plaintiff's counsel wrote again referring to the subject on September 26, 1906, to which letter a reply was written September 29th, signed by the secretary of the company, as follows:

"Replying to yours of the 26th inst., in re Lee Dolsen matter, will say that we have placed this matter in the hands of our general counsel, Chas. S. Abbott, who will take the matter up with you."

On November 5, 1906, defendant's general counsel wrote the following letter:

"Yours of Oct. 30th duly received. In reply will say that files and your letter were handed to me some time in September, and by me referred back to the secretary of the Insurance Co. for further investigation as to some of the facts and has not been returned to me. I will get the files at my earliest convenience, and thereupon give the matter my prompt attention. Owing to my absence from the city, your letter of the 30th was not received by me or called to my attention until this afternoon, and unfortu-

nately I will leave the city today, and will therefore be unable to give the Dolsen matter any attention until the latter part of the week. Asking you to patiently bear with me, I beg to remain," etc.

On November 19th and on February 19th, plaintiff's counsel wrote to defendant's counsel, receiving a reply on February 23d stating that the files had been withdrawn from his hands "and we are not in a position to advise you as to the company's attitude."

Mr. Abbott's letter of November 5th authorized the delay of plaintiff's counsel, in the absence of further communication, and waived the contract limitation as to the time of bringing suit. *Turner* v. *Casualty Co.*, 112 Mich. 425 (38 L. R. A. 529).

3. The court erred in admitting the letters in evidence for the purpose of showing waiver, the waiver not having been pleaded. No such objection was made in the court below, and it cannot, therefore, be considered here.

4. The court erred in not limiting the damages to $30, in accordance with the provisions of the 13th paragraph of the policy or else such question should have been submitted to the jury. We agree with the opinion expressed to counsel by the circuit judge, that the proofs raised a question of fact as to whether the death came within the limitation of the 13th paragraph, which question the defendant had a right to have submitted to the jury. Defendant's counsel, however, did not ask to have this question submitted to the jury, but insisted that the court should direct a verdict in its favor. Plaintiff's counsel contended that plaintiff was entitled to an instructed verdict. At the close of their remarks, the following occurred:

"*The Court:* Do you gentlemen both wish it treated as a question of law to be passed upon by the court?

"*Mr. Joslyn:* I do.

"*The Court:* Both sides do. Then I will direct a verdict for the plaintiff for the amount of the policy with interest, and sustain the motion of Mr. Joslyn, under the statement of counsel that it is to be considered a question

of law.   I am willing to take the responsibility of all questions of law but as to questions of fact I think they ought to go to the jury."

If the statement of the court that both sides desired this question treated as a question of law was incorrect, defendant's counsel should have at once corrected the mistake.   Not having done so, they cannot now complain. *Myers* v. *Myers*, 143 Mich. 32.

The judgment is affirmed.

Grant, C. J., and Moore, Carpenter, and McAlvay, JJ., concurred.