**WESTCHESTER FIRE INSURANCE COMPANY, Appellant,**

v.

**Paul SPERLING dba Sperlings Dress Shop, Appellee.**

**No. 22836.**

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1970.

Gene Groff (argued), Bolton, Groff & Dunne, Los Angeles, Cal., Morse & Graves, Las Vegas, Nev., for appellant.

J. Charles Thompson (argued), David Goldwater, of Wiener, Goldwater & Galatz, Las Vegas, Nev., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and POWELL, District Judge.*

PER CURIAM:

This is an appeal from a judgment of the District Court of Nevada in a diversity case. Jurisdiction is under 28 U.S.C. § 1332. The sole issue is whether the action against the appellant insurance company is barred by the time limitations set out in the policy.

On January 28, 1965 a burglary of the appellee's dress shop was discovered. This action was commenced February 18, 1966, which was one year and 21 days after the discovery of the burglary. Appellee was awarded judgment for $23,-267.94.

Appellant contends that the appellee has not complied with the following provision of the insurance policy:

"No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after the discovery by the insured of the occurrence which gives rise to the claim  *  *  *."

The policy also contained a provision on presentation of proof of loss as follows:

" *  *  *  [claim shall be payable] within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the company."

The District Court determined that since the plaintiff could not commence suit until sixty (60) days after filing of a properly executed proof of loss, the intent of the policy was to afford plaintiff a full 12 months after the 60 day period within which to commence suit. The court relied on Steel v. Phoenix

---

* The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

Ins. Co., 51 F. 715 (9th Cir. 1892), aff'd 154 U.S. 518, 14 S.Ct. 1153, 38 L.Ed. 1064 (1893). That Oregon decision construed a fire insurance contract with provisions similar to those in the policy here. The court applied the general common law of commercial contracts as required by Swift v. Tyson, 16 Pet. 1, 18, 10 L.Ed. 865 (1842).

Appellant argues that Steel should no longer be followed and cites Bell v. Quaker City Fire & Marine Ins. Co., 230 Or. 615, 370 P.2d 219 (1962).[1] That case holds that under the present state of the law of Oregon suit is to be commenced within twelve months after the "inception of the loss" notwithstanding a 60 day no suit clause.

Since Erie Railroad Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (overruling Swift v. Tyson, supra), federal courts in diversity cases have been required to follow the law of the state in which the district court is held. The Nevada courts have not up to this date decided the issue presented here. We must anticipate how a Nevada court will decide this issue. Tavernier v. Weyerhaeuser Company, 309 F.2d 87, 91 A.L.R.2d 1286 (9th Cir. 1962). Since Steel, supra was decided under like circumstances and before the rule of Erie Railroad Co. v. Thompkins, supra, the considerations of the court there are persuasive in our present inquiry.

Provisions like those involved here are generally in fire insurance and general casualty insurance policies. A division of authority on the interpretation to be given these provisions appears in both types. In the former, the weight of authority supports appellant's position. In the latter, the opposite is true. See Annot., 95 A.L.R.2d 1023 (1964). The difference in weight of authority is significant. In varying degree, the decisions construing fire insurance policy provisions such as the ones in issue have

given weight to the circumstance that the language of the standard policy is one imposed on the insurer by statute. See Annot., 95 A.L.R.2d 1023 (1964) and cases cited therein. But see Finkelstein v. American Ins. Co., 222 La. 516, 62 So.2d 820 (1952); Kirk v. Firemen's Ins. Co., 107 W.Va. 666, 150 S.E. 2 (1929).

In the absence of a statutory requirement the weight of authority supports the view that provisions of the policy on computing the period for bringing suit must be construed together and that the period of limitation does not begin to run until the loss is payable and an action might be brought against the insurer i. e., after the 60 days has expired. See 29A Am.Jur. § 1797 and cases cited therein; Appleman on Insurance, Vol. 20A, § 11612, pp. 4–8.

" * * * A policy of insurance which contains conditions reducing the statutory time for the commencement of any suit thereon ought, in justice and equity, to be so construed—if reasonable under its terms—as to give the full period of time mentioned in the policy, freed from the provisions of all other clauses of the policy, or from the conduct of the insurance company, limiting, or attempting to limit, the time actually given in the limitations clause. This, it appears to us, is the consistent and logical view that ought to be taken of such policies of insurance. * * * It would prevent either party from taking any undue or improper advantage of the other." Steel, supra, 51 F. at 721.

It is our judgment that the decision of the trial court was correct.

We would also comment on appellant's conduct. The appellee was not notified until January 17, 1966 that the appellant insurance company had rejected its claim. Adopting appellant's theory, this gave appellee 11 days within which to com-

---

1. Appellant also cites two 9th Circuit decisions. Bankers Trust Company v. Pacific Employers Ins. Co., 282 F.2d 106 (9th Cir. 1960), and Quon v. Niagara

Fire Ins. Co. of New York, 190 F.2d 257 (9th Cir. 1951). Neither case touches upon the narrow issue with which we are concerned.

mence suit. Prior to this time appellee had made repeated efforts to find out what the insurance company was going to do about his proof of loss. Each time the appellee was told through appellant's agents that they had not been notified as to any decision on his claim. This indicates that appellant considered its policy as allowing 12 months in which to commence suit after the running of the 60 days allowed to file a proof of loss. Failure of the insurer to take action has been held to be a waiver of contractual limitations on the commencement of actions. See Dolsen v. Phoenix Preferred Acc. Ins. Co., 151 Mich. 228, 115 N.W. 50 (1908).

We affirm.