**Lewis M. DISCHNER, as Executor and legal representative of the estate of Lois May Poole, Plaintiff,**

v.

**NEW HAMPSHIRE INSURANCE COMPANY, Defendant.**

**No. J–16–70.**

United States District Court,
D. Alaska.

Feb. 25, 1971.

F. M. Doogan, of Faulkner, Banfield, Boochever & Doogan, Juneau, Alaska, for plaintiff.

L. B. Jacobson, of Robertson, Monagle, Eastaugh & Bradley, Juneau, Alaska, for defendant.

MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

On September 6, 1969, plaintiff's apartment building was destroyed by fire. The property was insured by defendant, New Hampshire Insurance Company, under policy No. 20–60–56.

Plaintiff timely filed a claim for $105,833.31 which defendant subsequently declined to pay. However, on January 12, 1970, an agreement was reached between the parties for a payment of $61,447.95. The agreement expressly reserved plaintiff's right to substantiate and establish additional claims.

Negotiations continued and on June 25, 1970, plaintiff submitted a letter to defendant asserting his claim in addition to the $61,447.95 which earlier had been paid. The defendant notified plaintiff on August 6, 1970, by letter that no additional claims would be honored.

This suit was filed by plaintiff on October 8, 1970. Subsequently, defendant, in its answer and first affirmative defense, raised the defense of a contractual limitation between itself and plaintiff. Plaintiff, pursuant to Rule 56 of the Fed.R.Civ.P., then filed his motion for partial summary judgment dismissing defendant's first affirmative defense.

The issue before the Court is whether plaintiff's suit is barred by the time limitation of the insurance policy, No. 20–60–56.

The provision of the insurance policy upon which defendant relies states:

> "*Suit.* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have complied with, and unless commenced within twelve months next after inception of the loss."

Under this provision, defendant argues that plaintiff had twelve months after September 5, 1969, the date of the fire, in which to file his suit seeking additional recovery. Defendant further urges that since plaintiff did not file suit until more than twelve months had elapsed, his suit now is barred by the time limitation.

Plaintiff, too, relies on a provision of policy No. 20–60–56, and asserts like clauses have been construed by many courts to extend time for filing suit. The clause, which relates to presentation of proof of loss, states:

> "The amount of loss for which this company may be liable shall be payable sixty days after proof of loss as herein provided, is received by this company and ascertainment of the loss is made either by agreement between the insured and this company expressed in writing or by the filing with this company of an award as herein provided."

Plaintiff asserts that under this clause a suit could not be commenced until sixty (60) days after the filing of a proof of loss. Further, plaintiff contends that the two policy provisions, the period of limitation provision and the sixty (60) day loss payable provision, must be construed together, and therefore the twelve (12) month period of limitations did not commence to run until after the sixty (60) day loss payable period had passed.

Since Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court must, in diversity cases, be guided by the law of the State of Alaska. However, the Alaska Supreme Court, to date, has not ruled upon the issue here raised.

It is apparent that a split of authority exists in cases involving fire insurance policies as to whether or not the loss payable provision is to be read in conjunction with the time limitation period. In many cases, the factor disinguishing the two viewpoints is the presence or absence of a state statute prescribing the provisions of the standard policy. In the absence of a state statute, the majority of courts hold that the loss payable provision and the time limitation provision are to be read together. *See, e. g.*, Phoenix Insurance Co. of Hartford v. Fidelity & Deposit Co. of Maryland, 162 Tenn. 427, 37 S.W.2d 119 (1931); Sample v. London & L. Fire Insurance Co. of Liverpool, England, 46 S.C. 491, 24 S.E. 334 (1896); Fireman's Fund Insurance Co. of California v. Buckstaff, 38 Neb. 150, 56 N.W. 697 (1893). Thus, under these authorities, the limitation does not begin to run until after the loss payable period had passed.

Where, however, the policy provisions are prescribed by statute, the time limitation has been held to commence as of the date of the fire. *See, e. g.*, Olson Enterprises, Inc. v. Citizens Insurance

Co. of New Jersey, 255 Iowa 141, 121 N.W.2d 510 (1963); Skylark Enterprises, Inc. v. American Central Insurance Co., 13 A.D.2d 707, 214 N.Y.S.2d 68 (1961); Boyd v. Bankers & Shippers Insurance Co., 245 N.C. 503, 96 S.E.2d 703 (1957).

The United States Court of Appeals for the Ninth Circuit, Westchester Fire Insurance Co. v. Sperling, 421 F.2d 141 (9th Cir. 1970) has ruled upon this question. In *Westchester* the insurance company contended that the action was barred by the time limitation as set out in the policy. The policy also contained a sixty (60) day loss payable provision. The State of Nevada where the cause arose did not have a statutory requirement as to standard fire insurance policies, nor had the Nevada courts decided the issue presented. The Court of Appeals held that the two provisions of the policy must be construed together and that the period of limitation did not commence until after the sixty (60) day loss payable provision had passed. 421 F.2d at 142. *See* Steel v. Phenix Insurance Co. of Brooklyn, 51 F. 715 (9th Cir. 1892), aff'd. 154 U.S. 518, 14 S.Ct. 1153, 38 L.Ed. 1064 (1894).

■ ■ The ruling of the Circuit Court in *Westchester* is persuasive as to the issue presented here. Alaska does not have a statute which prescribes provisions for fire insurance policies. The loss payable and the time limitations must be construed together. It is the better and more equitable rule. Plaintiff timely filed this action within 12 months after the sixty (60) days loss payable period had expired, and thus plaintiff's action is not barred. In view of the Court's conclusion upon the limitation question, plaintiff's other contentions that the defendant has waived its limitation of action clause or is estopped from ascertaining it need not be considered here.

Therefore it is ordered:

Plaintiff's motion for partial summary judgment dismissing defendant's first affirmative defense is granted, and plaintiff's counsel forthwith may present an appropriate form for signature of the Court.